## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05- 556M (DAR)** |
| | : | |
| v. | : | |
| | : | |
| **MARION S. BARRY, JR.,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

Defendant Barry comes before the Court having pled guilty to two misdemeanors for failing to file tax returns for the District of Columbia and for the United States. The maximum possible sentence is one year of incarceration and a fine of $100,000 for the federal offense and a consecutive 180 days of incarceration and a fine of $5,000 for the District of Columbia offense. The Pre-sentence Investigation Report ("PSR") writer has calculated a Sentencing Guideline range of 12 to 18 months of imprisonment, based on an offense level of 12 and a criminal history category of II. The government agrees that this calculation is accurate.[1]

---

[1] The PSR correctly states that the maximum fine is $100,000. PSR at ¶ 68. The plea letter incorrectly states that the maximum fine is $25,000. The Court should clarify with defendant Barry that the correct maximum fine which can be imposed is $100,000.

A longtime elected official who has been responsible for spending public funds collected from District of Columbia taxpayers, defendant Barry chose not to file his own tax returns for the years 1999 through 2004 with either the District of Columbia or the federal government. This failure reflected a conscious decision, not an oversight. Defendant Barry fully understood his obligation to file returns and arrange for payment of any tax due. His willful failure to file tax returns (including a return due after his resumption of elective office on the City Council) deserves to be prosecuted and punished.

As set forth above and in the PSR, defendant Barry's offenses were serious. That said, the investigation did not reveal evidence that defendant Barry attempted to conceal income or otherwise evade payment of his taxes. Further, defendant Barry accepted responsibility for his conduct and promptly agreed to plead guilty when he was approached by law enforcement. He also agreed to file all delinquent returns, as well as to arrange for payment of any and all taxes and penalties due. For all these reasons, the government entered a plea agreement under which the government agreed to take no position on defendant Barry's anticipated request for probation.[2]

Federal law requires that a defendant, whether on probation or on supervised release after incarceration, submit to one drug test within fifteen days of commencement of supervision, as well as at least two additional drug tests. See 18 U.S.C. §§ 3563(a)(5) and 3583(d). On November 17, 2005, after his plea of guilty in this case, defendant Barry tested positive for cocaine and marijuana use. Accordingly, the government recommends that any conditions of release (whether on probation or after a period of incarceration) include regular drug testing, conducted by, and on a schedule to

---

[2] The best information available to the government indicates that as of this date, the defendant has not filed his delinquent tax returns; nor has he submitted drafts of those returns either to the government or to the Probation Office for inspection. The government is unable to abide by its promises regarding sentencing unless and until defendant Barry satisfies this obligation of the plea agreement.

be established by, the United States Probation Office. Should defendant Barry be unsuccessful in his future drug testing, sanctions, such as revocation of release, may be warranted.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                UNITED STATES ATTORNEY
                D.C. Bar No. 451058

BY:    _____
                JAMES W. COOPER
                D.C. Bar No. 421169
                Assistant United States Attorney
                555 Fourth Street, N.W., Room 5842
                Washington, D.C. 20530
                (202) 514-6893

                _____
                THOMAS E. ZENO
                D.C. Bar No. 348623
                Assistant United States Attorney
                555 Fourth Street, N.W., Room 5243
                Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

    I HEREBY certify that a copy of the foregoing Memorandum was served via electronic filing on this sixth day of February, 2006 to:

Frederick D. Cooke, Jr., Esq.
Rubin, Winston, Diercks, Harris & Cooke, L.L.P.
1155 Connecticut Avenue, N.W., Sixth Floor
Washington, D.C. 20036

_____
THOMAS E. ZENO
Assistant United States Attorney