UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05- 556M (DAR)** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **MARION S. BARRY, JR.,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO REVOKE PROBATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion, pursuant to Federal Rule of Criminal Procedure 32.1, to revoke defendant's probation due to his commission of new offenses by willfully failing to file tax returns for Tax Year 2005, in violation of an express condition set for his release.

BACKGROUND

On October 28, 2005, the defendant pleaded guilty to two crimes: 1) failure to file a federal income tax return in violation of Title 26, United States Code, Section 7203 and 2) failure to make a District of Columbia return in violation of Title 47, District of Columbia Code, Section 4103.  The guilty pleas resulted from the defendant's failure to file his tax returns for the years 1999 through 2004 with either the federal government or the District of Columbia government.    As part of the plea agreement, the defendant agreed as follows:

> to make arrangements for full payment of whatever taxes are due and owing.  Mr. Barry agree[d] to cooperate with the Internal Revenue Service, the District of Columbia Office of Tax and Revenue, and any

>other federal, state, or local taxing authority in determining and paying the amounts due.

See October 25, 2005 Plea Agreement at ¶ 5.

On March 9, 2006, the Court sentenced the defendant to three years of probation for these crimes. The first condition of probation in the Judgment and Commitment Order states: "While on probation, the defendant shall not commit another federal, state, or local crime." In addition, the Court imposed a special condition of probation that the defendant "[c]omply with directives of the federal and local tax authorities regarding payment of taxes, penalties and interest."

The attached affidavit of Special Agent Don Sender of the Internal Revenue Service ("IRS") (Exhibit 1) reveals that the defendant has not yet filed his federal tax return for Tax Year 2005. This return was required to be filed by April 15, 2006, but the defendant filed a timely request for an extension. The IRS granted an extension of the time to file until October 15, 2006. As of January 31, 2007, the defendant still has not filed his 2005 federal tax return.

The affidavit of Special Agent William Randolph of the District of Columbia Office of Tax and Revenue (Exhibit 2) reveals that, as of January 31, 2007, the defendant has not filed his District of Columbia tax return for Tax Year 2005. The tax return should have been filed by April 18, 2006. Even if there had been a timely request for an extension of time to file, the tax return would have been due on October 18, 2006.

Special Agent Sender's affidavit also reveals that, after making a small initial payment, the defendant has failed to reach an agreement to pay a set monthly amount towards his outstanding tax debt to the federal government. Accordingly, in November 2006, the IRS began to garnish funds from the defendant's paycheck.

ARGUMENT

The defendant's failure to file his Tax Year 2005 federal return constitutes a new violation of Section 7203. Likewise, his failure to file his Tax Year 2005 District of Columbia return is a new violation of Section 4103. Not only is each failure to file a separate crime, but each is exactly the same crime as one for which he was placed on probation in the first place, and each was committed less than one year after this Court entrusted the defendant with a sentence of probation.

Aggravating the probation violation arising from the commission of new crimes is the fact that the failure to file 2005 returns is just the latest in a series of the defendant's willful acts in defiance of the tax laws. The Court may recall that, prior to the original sentencing, the defendant had not filed the delinquent tax returns for Tax Years 1999 through 2004, thus causing the sentencing to be postponed. Since being placed on probation, the defendant has not made voluntary arrangements for payment of his federal taxes which were due and owing. In order to receive the payment of back taxes, the federal government was compelled to garnish the defendant's wages.

A longtime elected official who has been responsible for spending public funds collected from District of Columbia taxpayers, the defendant chose not to file his own tax returns for six years. As defendant conceded at his plea hearing, this failure reflected a conscious decision, not an oversight. Defendant Barry fully understood his obligation to file returns and arrange for payment of any tax due. His willful failure to file tax returns (including a return due after his resumption of elective office on the City Council) deserved to be prosecuted and punished.

3

At the time of his sentencing, the defendant faced an advisory sentencing guideline range of 12 to 18 months of imprisonment, based on an offense level of 12 and a criminal history category of II.  Expecting that the defendant would act swiftly to correct his tax delinquencies and comply with the law, the government agreed to take no position on defendant's request for a probationary sentence outside the advisory guideline range.  Bound by its plea agreement, the government abided by this limitation on its allocution, even in the face of troubling indications that the defendant was failing to act with dispatch to satisfy his obligations.  When the defendant asked the Court for a sentence of probation in order to prove that he had amended his conduct, the Court agreed.

The Court's patience should be at an end.  The defendant continues to flout the standards applicable to all persons who reside in the District of Columbia, who work for a living, and who pay a portion of their income to support his salary.  By adding yet a seventh year to his record of willfully failing to file tax returns (while serving a federal probationary sentence for that very crime), as well as by demonstrating recalcitrance in reaching and satisfying agreements to pay his back taxes, the defendant exposes his unworthiness to reap the benefits of a lenient sanction.

WHEREFORE, the government respectfully requests that the Court issue the proposed Summons, which is attached, in order to schedule a hearing regarding revocation of the defendant's probation.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar No. 498610

BY:   /s/ Attorney's Typed Signature
       JAMES W. COOPER
       D.C. Bar No. 421169

       /s/ Attorney's Typed Signature
       THOMAS E. ZENO
       D.C. Bar No. 348623

       Assistant United States Attorneys
       555 Fourth Street, N.W., Fifth Floor
       Washington, D.C. 20530
       (202) 514-6893
       (202) 514-6957