**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAR - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )    Criminal No. 05-0556M-01 |
| | )              DAR |
| MARION S. BARRY, JR., | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S**
**MOTION TO REVOKE PROBATION**

Defendant Marion Barry, Jr. (hereinafter "Defendant") by and through undersigned

counsel, respectfully submits his opposition to the government's motion to revoke probation that

has been filed herein. As reasons for his opposition, Defendant states as follows:

**Background**

On March 9, 2006, Defendant was sentenced by this Court to three years of probation

pursuant to Defendant's guilty plea to failure to file a federal income tax return, and failure to file

a District of Columbia tax return. Conditions, inter alia, of that probation imposed by this Court

were that "While on probation, the defendant shall not commit another federal, state, or local

crime", that the Defendant "...comply with directives of the federal and local tax authorities

regarding payment of taxes, penalties and interest."

The Government seeks revocation of Defendant's probation because Defendant is alleged

to have not (as of January 31, 2007) filed his federal or District income tax returns for 2005. The

Government alleges further that Defendant has failed to reach an agreement to pay a set monthly

amount towards his outstanding tax debt to the federal government.

1

**Argument**

Defendant submits that his probation should not be revoked in this matter. Defendant submits that his probation should be continued.

First, Defendant notes that his 2005 federal and District income tax returns have now been filed (on February 9 and February 10, 2007 respectively) with the appropriate tax authorities. There are small outstanding balances due on each return. The tax authorities have not issued any letters or notices asserting a greater tax liability, nor have they issued any letter or notice of demand for payment of these balances. Notwithstanding the lack of any demand notice, Defendant will pay those balances in full shortly.

The Government's motion does not mention that Defendant has successfully negotiated a payment agreement with the government of the District of Columbia for payment of the outstanding tax debt to the District of Columbia. That agreement was concluded in November of 2006, and payments began in January of 2007.

With respect to Defendant successfully negotiating a similar agreement with the Internal Revenue Service (IRS), Defendant was not successful. Defendant and the IRS could not agree as to the payment amount that would be made on a monthly basis. Defendant did not and does not believe that his probation required him to enter into any payment agreement proposed by the IRS no matter how onerous. Defendant believed ( and still believes) that the payment demands of the IRS were excessive. When no agreement regarding payment could be reached, the IRS chose to employ an "involuntary deduction" or garnishment as a means of coercing Defendant to make a payment that the IRS desired. The involuntary deduction is being applied by the IRS to the payment of taxes, penalties, and interest owed by Defendant to the federal government.

2

Defendant has not appealed, protested, or resisted the involuntary deduction imposed by the IRS. Defendant believes that the current involuntary deduction being taken by the IRS is the maximum deduction that IRS regulations allow to be taken from Defendant's salary. Because Defendant has not appealed, opposed, or resisted the involuntary deduction and because the involuntary deduction is the maximum amount that the IRS could deduct from Defendant's salary, Defendant believes that he is in compliance with the condition of his probation to abide by directives of the IRS regarding payment of taxes, penalties and interest.

Defendant is in satisfactory compliance with the other terms of his probation. His probation officer has not joined in the Government's motion, and has not requested revocation of Defendant's probation for any other reason.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Government's motion to revoke his probation be denied, and that Defendant be allowed to continue with the probation imposed by this Court on March 9, 2006.

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.

Frederick D. Cooke, Jr., D.C. Bar No. 164608

Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
202 861 0870
202 429 0657 (facsimile)

Counsel for Defendant Marion S. Barry, Jr.

3

**CERTIFICATE OF SERVICE**

I, Frederick D. Cooke, Jr., do hereby certify that on this 2nd day of March, 2007 that a copy of the foregoing Defendant's Motion to Enlarge Time in Which to File Opposition to Government's Motion to Revoke Probation was electronically served and mailed by first class mail, postage pre paid, to:

> James W. Cooper, Esq.
> Thomas E. Zeno, Esq.
> Assistant United States Attorneys
> 555 Fourth Street, NW
> Fifth Floor
> Washington, D.C. 20001

/s/ Frederick D. Cooke, Jr.

---

Frederick D. Cooke, Jr.