UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| |
|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARION S. BARRY, JR.,<br><br>Defendant. |

Criminal No. 05-0556M-01
DAR

## ORDER

On October 28, 2005, Defendant in the above-captioned action pled guilty, pursuant to an agreement with the United States, to two counts of willful failure to file a return, the first in violation of 26 U.S.C. § 7203, and the second in violation of D.C. Code § 47-4103(a). *See* Information (Document No. 1); Plea Agreement (Document No. 3). On March 9, 2006, the undersigned sentenced Defendant to concurrent terms of probation, subject to the standard conditions of supervision and the special conditions set forth on the record. *See* Judgment (Docket No. 12). On February 1, 2007, the United States Attorney filed the Government's Motion to Revoke Probation (Document No. 13). The United States Attorney states that it submits the motion "pursuant to Federal Rule of Criminal Procedure 32.1[.]" The United States Attorney further states that the government requests revocation of Defendant's probation "due to [Defendant's] commission of new offenses by willfully failing to file tax returns for Tax Year 2005, in violation of an express condition set for his release." *Id*.

In his written opposition to the motion, Defendant, through his counsel, represents that he

United States of America v. Barry                                                                                                2

has now filed his federal and District of Columbia tax returns for 2005. Defendant's Opposition to Government's Motion to Revoke Probation (Document No. 18) at 2. Defendant submits that he is in full compliance with the conditions of his probation, including the condition that he abide by the directives of the tax and revenue authorities regarding the payment of taxes, penalties and interest. *Id.* at 2-3. Finally, Defendant observes that "[h]is probation officer has not joined in the Government's motion, and has not requested revocation of Defendant's probation for any other reason." *Id.* at 3. Defendant requests that the government's motion be denied, and that he be allowed to remain on probation. *Id.*

The United States Attorney, in its reply, acknowledges that Defendant filed his 2005 tax returns, but submits that "[the] recent filings . . . do not relieve him of liability for committing new crimes while on probation." Government's Reply Memorandum in Support of Probation Revocation (Document No. 19) at 1.[1] The United States Attorney argues that this Court, "[a]ccordingly . . . should grant the government's motion and . . . impose a sentence of 12 months in prison[.]" *Id.*[2]

No "Request for Course of Action" has been filed by the United States Probation Office ("Probation Office"); nor has the Probation Office, by any other means, reported any violation by Defendant of any condition of his probation.

Upon consideration of the Government's Motion to Revoke Probation, the memoranda in support thereof and in opposition thereto and the entire record herein, including the absence of

---

[1] Its use of the term "new crimes" notwithstanding, the United States Attorney does not allege that Defendant has been convicted of, or even charged with, any criminal offense since his term of probation commenced.

[2] In its motion, the United States Attorney did not suggest what sentence should be imposed should the Court revoke Defendant's term of probation, and instead, asked only that the Court schedule a hearing and issue a summons directing Defendant to appear at the hearing. Government's Motion to Revoke Probation at 13.

United States of America v. Barry                                                                3

any report by the Probation Office of any violation, the government's motion will be denied.

**DISCUSSION**

Probation revocation proceedings in this district are governed principally by Rule 32.1 of the Federal Rules of Criminal Procedure and Local Criminal Rule 32.1. While neither rule, by its terms, expressly provides that a probation revocation hearing may be scheduled only upon the request of the United States Probation Office, the long-standing practice in this Court is that such hearings are scheduled only at the request of the Probation Office, through the submission of a petition or "Request for Course of Action" on a "Form 12." *See, e.g., United States v. Ott,* No. 02-379, 2006 WL 3544838, at *1 (D.D.C. December 8, 2006); *United States v. Mitchell,* No. 91-518, 2005 WL 671265, at *1 (D.D.C. March 15, 2005); *United States v. Pujadas,* No. 91-308-01, 2005 WL 671165, at *1 (D.D.C. March 21, 2005); *United States v. Bailey,* No. 94-029-01, 2005 WL 671221, at *2 (D.D.C. March 21, 2005). Indeed, one district court has held:

> Violation issues are raised by the Probation Office
> and communicated to the Court on what is
> captioned a "petition." The petition . . . is a form of
> report that the probation officer makes to the
> assigned judge, which is specifically countenanced
> by law.

*United States v. Wilson,* 973 F. Supp. 1031, 1033 (W.D. Okla. 1997) (citing 18 U.S.C. § 3603(2)).

The undersigned finds that this practice is consistent with the intent of Congress and of this Court that the Probation Office not only supervise probation, but also report alleged violations of probation to the Court and advise a probationer, in advance of any probation revocation hearing, "of all alleged violations[.]" *See* 18 U.S.C. §§ 3561-3165; 18 U.S.C. §§

United States of America v. Barry                                                                                           4

3601, 3603(8)(B); LCrR 32.1(c)(1); *cf. Wilson*, 973 F. Supp. at 1032 ("I find that it is quite proper to continue the procedure that has been done in this district, that the probation office present revocation cases to the Court by petition, with a recommendation for a particular disposition of that petition.").[3]

The United States Attorney states that it moves for revocation of Defendant's term of probation "pursuant to Federal Rule of Criminal Procedure 32.1[.]" However, the prerogative of the government to file a motion to revoke probation is not addressed at all in that rule; rather, that rule prescribes the rights of the probationer with respect to proceedings to revoke or modify probation or supervised release, and the manner in which a court must conduct preliminary, revocation and modification hearings. *See* FED. R. CRIM. P. 32.1(a) (prescribing the rights of a defendant with respect to an initial appearance); 32.1(b) (prescribing the procedures which govern (1) preliminary hearings where a defendant is in custody for allegedly violating a condition of probation or supervised release; (2) revocation hearings; and (3) modification of conditions of probation or supervised release).

The absence of a provision in Rule 32.1, or in any rule of criminal procedure or statute, which expressly allows the United States Attorney an opportunity to file a motion to revoke probation is in marked contrast to the many rules and statutes in which Congress did provide that the United States Attorney could file a motion. For example, Congress provided that "the attorney for the Government may file . . . a motion for revocation of [a release] order or

---

[3] *Compare In the Matter of B.P.*, 397 A.2d 974, 975 (D.C. 1979) (challenge to the initiation of a juvenile probation revocation proceeding by the Office of the Corporation Counsel, in the absence of a recommendation by the Director of Social Services for such action, rejected on the grounds that the action of Corporation Counsel was expressly authorized by statute).

United States of America v. Barry                                                                                                         5

amendment of the conditions of release[.]" 18 U.S.C. § 3145(a)(1). *See also* 18 U.S.C. §4241(a) (a defendant, "or the attorney for the Government[,]" may, in accordance with the applicable provisions of Chapter 313, file a motion to determine the competency of the defendant); 18 U.S.C. § 3142(f) (a detention hearing shall be scheduled "upon the motion of the attorney for the Government[,]" or upon the court's own motion, where such motion is supported by one or more of the enumerated grounds); 18 U.S.C. § 3573 ("Government" may "[p]etition . . . for modification or remission" of a fine or assessment); 18 U.S.C. § 3593(a) ("the attorney for the government" may file, in accordance with the procedures set forth in the statute, file a notice of intent to seek the death penalty); 18 U.S.C. § 3613 ( United States may enforce a judgment imposing a fine); 18 U.S.C. § 3731 (providing for appeals by the United States in criminal cases); 18 U.S.C. § 3771(d)(1) ("the attorney for the Government[,]" with a crime victim or victim's representative, may assert the victim's rights for which the statute provides); 18 U.S.C. § 4001(b)(2) ("[t]he Attorney General[,]" with respect to control and management of penal and correctional institutions, may, *inter alia,* establish and conduct activities); FED. R. CRIM. P. 6(b)(1) ("either the government or a defendant" may challenge a grand jury on grounds enumerated in the rule); FED. R. CRIM. P. 12(b) (providing for the filing of pretrial motions by either the defendant or the government); FED. R. CRIM. P. 12.3 ("attorney for the government" may request enumerated disclosures from the defendant in accordance with the other provisions of the rule); FED. R. CRIM. P. 17.1 (the court, either on its own, "or on a party's motion," may hold one or more pretrial conferences); FED. R. CRIM. P. 35 (government may move for reduction of a sentence in accordance with the other provisions of the rule).

The omission of express authority for an attorney for the government to file a motion to

United States of America v. Barry                                                                                                6

revoke probation warrants but one conclusion: Congress, in conferring upon the United States Probation Office the exclusive authority to supervise an individual sentenced to a term of probation, did not intend that an attorney for the government report alleged violations of probation to the sentencing court, or move for revocation of an individual's term of probation. *See United States v. Thompson,* 917 F. Supp. 22, 27-28 (D.D.C. 1996) (quoting *Chevron U.S.A. v. Nat'l Resources Defense Council, Inc.,* 467 U.S. 837, 842-43 (1984) (where the Congressional mandate is clear, "that is the end of the matter.").

It appears that no judge of this Court, nor any panel of the District of Columbia Circuit, has had occasion to consider this issue in any published opinion. However in considering the authority of the United States Probation Office to report alleged violations of a probationer's conditions of probation, and to request a course of action with respect to alleged violations, one district court has observed:

> The significance of vesting the petitioning authority in the United States Attorney would be that the United States Attorney would thereby exercise prosecutorial discretion in the decision whether to proceed [with a revocation proceeding] or not. That discretion is certainly imbedded in law with respect to charging decisions, to take a case to the grand jury or to take a case through the information process directly to court. It would be entirely inappropriate, however, in a revocation case.

*Wilson,* 973 F. Supp. at 1032-33 *see also United States v. Berger,* 976 F. Supp. 947, 949 (N.D. Cal. 1997) ("If the prosecutor concludes the probationer has violated a criminal law, the prosecutor is free to initiate criminal proceedings separate from the probation revocation proceedings.").

United States of America v. Barry                                                          7

      For all of the foregoing reasons, the Court now holds that no authority permits the United States Attorney to file a motion for revocation of probation. As of this date, the Probation Office has submitted no "Request for Course of Action"; nor has the Probation Office, by any other means, alleged that Defendant has violated his conditions of probation by new criminal conduct,[4] or asked that the undersigned schedule a probation revocation hearing. *See* 18 U.S.C. § 3603 (8)(B); *see also* U.S. Sentencing Guidelines Manual § 7B1.2(a), (b) (the probation officer "shall promptly report to the court any alleged Grade A or B violation[,]" and "shall promptly report to the court any alleged Grade C violation unless the officer determines: (1) that such violation is minor, and not part of a continuing pattern of violations; and (2) that non-reporting will not present an undue risk to an individual or the public or be inconsistent with any directive of the court relative to the reporting of violations."). Accordingly, the Court declines to schedule a probation revocation hearing or take any other action with respect to Defendant's probation unless and until the Probation Office so requests.

      It is, therefore, this 12th day of March, 2007,

      **ORDERED** that the Government's Motion to Revoke Probation (Document No. 13) is **DENIED.**

March 12, 2007

                                                             DEBORAH A. ROBINSON
                                                            United States Magistrate Judge

---

    [4] The United States Attorney does not allege that Defendant has been convicted of any new criminal conduct, or even charged with any.