UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MAG NO. 05- 556M |
| | : | (TFH/DAR) |
| | : | |
| v. | : | |
| | : | |
| | : | **FILED** |
| MARION S. BARRY, JR., | : | |
| | : | MAR 2 2 2007 |
| Defendant. | : | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GOVERNMENT'S APPEAL TO THE CHIEF JUDGE OF
MAGISTRATE JUDGE'S DENIAL OF MOTION TO REVOKE PROBATION

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully appeals the magistrate judge's Order denying the

government's motion to revoke probation.[1]  The magistrate judge's Order was erroneous under

law and unsound as a matter of public policy.  It should be reversed and remanded for a decision

on the merits.

Background

On October 28, 2005, defendant, Marion S. Barry, Jr., pled guilty to one count of willful

failure to file a federal personal income tax return and one count of willful failure to file a

District of Columbia personal income tax return.  As part of his statement of offense, the

defendant admitted that he willfully failed to file federal and local tax returns for the years 1999

through 2004.  The magistrate judge sentenced the defendant to, among other things, three years

---

[1]  The appeal is made to the Chief Judge because the underlying charges are
misdemeanors filed by Information and designated to the magistrate judge pursuant to Title 18,
United States Code, Section 3401 and Federal Rule of Criminal Procedure 58.

of supervised probation, a standard condition of which was that the defendant commit no new offenses.

On February 1, 2007, the government filed a Motion to Revoke Probation pursuant to Federal Rule of Criminal Procedure 32.1. In its motion, the government notified the magistrate judge, with supporting affidavits from special agents of the Internal Revenue Service and the District of Columbia Office of Tax and Revenue, that the defendant had committed two new criminal offenses in that he had willfully failed to file his federal and District of Columbia tax returns for tax year 2005, the same offenses for which he was on probation, in violation of the express conditions of this probation.

On February 26, 2007, after the deadline for response had passed,[2] the magistrate judge acted *sua sponte* to order that the defendant file a motion for extension of time to respond to the revocation motion.

On March 2, 2007, the defendant opposed revocation, stating, among other things, that he had filed the 2005 tax returns after the government's revocation motion had been filed.

On March 7, 2007, the government filed a reply memorandum in support of revocation.

On March 12, 2007, without addressing the merits of the defendant's probation violation, the magistrate judge issued an Order in which she denied the government's motion for revocation on the ground that "no authority permits the United States Attorney to file a motion for revocation of probation,"[3] and that the United States Probation Officer had not initiated

---

[2] Local Criminal Rule 47(b) provides that opposing points and authorities shall be filed within 11 days or at such other time as the court may direct.

[3] This issue was not raised by the defendant or briefed by the parties. The magistrate judge raised it *sua sponte* in her Order.

2

revocation proceedings. United States v. Barry, ___ F. Supp.2d ___, 2007 WL 734041 (D.D.C. 2007).[4]

Basis for Appeal

Federal Rule of Criminal Procedure 58(g)(2)(A) provides, in pertinent part, that "[e]ither party may appeal an order of a magistrate judge to a district judge within 10 days of its entry if a district judge's order could similarly be appealed." Rule 58 further provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Therefore, this Court may hear an appeal of the decision of the magistrate judge to the same extent that a court of appeals may hear appeals of orders of this Court.

Pursuant to either Title 28, United States Code, Section 1291,[5] or Title 18, United States Code, Section 3731,[6] or both, a district court's denial of a motion to revoke probation or

---

[4] The magistrate judge observed that no new charges had been filed by the United States Attorney. Barry, 2007 WL 734041 at 3 n.4. The existence of new charges is irrelevant to determining whether the defendant has engaged in conduct that violated his probation. The decision of whether to charge new offenses based on that conduct is left to the discretion of prosecutors, who might well decide that both judicial economy and the interests of justice are better served by revocation of probation in the existing case rather than by commencing a new criminal case. It is well settled that a court supervising a defendant's probation may proceed with a revocation determination even if no new charge is pending. E.g., United States v. Venable, 416 F. Supp.2d 64, 75-77 (D.D.C. 2006) (Kollar-Kotelly, J.) (citing authorities and reversing contrary order of the magistrate judge).

[5] Title 28, United States Code, Section 1291 provides, in pertinent part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

[6] Title 18, United States Code, Section 3731 provides, in pertinent part:

> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States,

3

supervised release may be appealed to the court of appeals. *See* United States v. Peterson, 394

F.3d 98, 105 (2d Cir. 2005) (holding that an appeal of a district court's order denying the

government's probation revocation petition was authorized by Section 1291); United States v.

Marmolejo, 915 F.2d 981, 981-982 (5th Cir. 1990) (same regarding supervised release, which

also is covered by Rule 32.1); United States v. Jankowski, 771 F.2d 70, 71 n.1 (3rd Cir. 1985)

(same regarding probation, but finding the source of the government's appeal authority in Section

3731, while specifically reserving the question of whether appeal authority also exists in Section

1291).[7] Therefore, this Court has jurisdiction over this appeal.

Standard of review

The issue of whether the United States Attorney is empowered to file a motion to revoke

probation under Rule 32.1 is one of interpretation of the federal rule, and it is reviewed de novo.

---

> granting the release of a person charged with or convicted of an
> offense, or denying a motion for revocation of, or modification of
> the conditions of, a decision or order granting release.

[7] Although it appears to be in tension with these authorities, United States v. Hines, 419
F.2d 173 (10th Cir. 1969) (denying the government's appeal of an order directing the return of
property on grounds that the court of appeals lacked jurisdiction to hear a government appeal
under Sections 3731 and 1291), is inapposite in this case. First, as Marmolejo recognized, the
issue in Hines was whether the statutes empowered the court to hear a government appeal of an
order to return property. 915 F.2d 983 at n.1. Second, the decision in Hines was grounded in
antagonism toward government appeals in criminal cases because of the bar against successive
prosecutions and multiple punishments under the Fifth Amendment's Double Jeopardy Clause.
Following the Hines decision in 1969, the Supreme Court has held that parole and probation
revocation proceedings are not "criminal" proceedings for purposes of the Double Jeopardy
Clause. *See* Morrissey v. Brewer, 408 U.S. 471 (1972) and United States v. Wilson, 420 U.S.
332 (1975). Finally, to the extent that Hines could be construed to hold that the government may
not appeal the denial of probation revocation, it appears to be in conflict with the plain language
of Section 3731, which provides expressly for government appeals of orders denying revocation
of release, as well as Section 1291, which provides for appeals from final decisions. *See* 15B C.
Wright, A. Miller, and E. Cooper, Federal Practice and Procedure, § 3919.9 at 741 (1992), which
states, "This denial of appeal [in Hines] seems wrong."

4

*See* Harris v. Secretary, U.S. Dept. of Veterans Affairs, 126 F.3d 339, 342 (D.C. Cir. 1997)

(interpretation of federal rule is question of law, reviewed de novo).

Argument

The magistrate judge simply is wrong in advancing the novel legal theory that the United

States Attorney lacks authority to file a motion to revoke probation. No law -- either case,

statute, or rule -- supports the magistrate judge's Order.

Indeed, the law is quite clearly to the contrary, and that point is illustrated compellingly

by the very cases upon which the magistrate judge relied in her Order. Although the magistrate

judge cited two cases which allegedly support her conclusion, *See* Barry, 2007 WL 734041 at 3,

neither United States v. Berger, 976 F. Supp. 947, 949-950 (N.D. Cal. 1997), nor United States v.

Wilson, 973 F. Supp. 1031 (W.D. Okl. 1997), questions the legitimacy of a motion by the United

States Attorney to revoke probation. To the contrary, both cases acknowledge that the prosecutor

has the authority to file such a motion because the only issue in those cases was whether the

probation officer *also* had that authority. For instance, in Berger, the district court stated: "No

statute requires the United States Attorney to initiate *all* probation revocation proceedings."

Berger, 976 F. Supp. at 949 (emphasis added). This sentence would make no sense if the United

States Attorney actually was prohibited from filing any such motion. In the footnote to this

sentence, the district court said:

> As one court has noted: "[T]here is no requirement that revocation
> proceedings be initiated by a particular officer of the government,
> or by any officer. Whenever the district court having jurisdiction
> over a probationer acquires knowledge from any source that a
> violation of the conditions of probation may have occurred, the
> court may then on its own volition inquire into the matter, in a

5

> manner consistent with the requirements of notice and due process
> which have been held applicable."

Id. at 949-950 (quoting United States v. Feinberg, 631 F.2d 388, 391 (5th Cir.1980)).  Similarly,

Wilson is not a decision that precludes the United States Attorney from filing a motion to revoke

probation.  To the contrary, the district court did

> not deprecate the role of the United States Attorney by saying that
> he should not participate in any prosecutorial decision to bring an
> alleged violation before the Court for consideration.

Id. at 1033.  Wilson merely held that the Probation Officer also had the authority to file a motion

to revoke probation.  Id.

This is the unanimous position of the six courts of appeals that have examined the issue.

See United States v. Bermudez-Plaza, 221 F.3d 231, 234-235 (1st Cir. 2000); United States v.

Amatel, 346 F.3d 278, 279-280 (2d Cir. 2003);  United States v. Cofield, 233 F.3d 405, 409 (6th

Cir. 2000), cert. denied, 532 U.S. 952 (2001); United States v. Ahlemeier, 391 F.3d 915, 923-924

(8th Cir. 2004); United States v. Mejia-Sanchez, 172 F.3d 1172, 1174-1176 (9th Cir.), cert.

denied, 528 U.S. 982 (1999); and United States v. Davis, 151 F.3d 1304, 1306-1308 (10th Cir.

1998).  In each of these cases, the probationer claimed that the revocation proceedings were

invalid because they were initiated by the probation officer instead of the United States Attorney.

In each instance, the court of appeals affirmed that the probation officer had the authority to

notify the district court about alleged violations; and, in each instance, the appellate court did so

without impugning the independent authority of the United States Attorney to file a motion to

revoke.  To the contrary, in four of the decisions, the courts of appeals included language in their

decisions about the power of the United States Attorney to file a motion to revoke.  Bermudez-

6

Plaza, 221 F.3d at 234 ("[R]evocation hearings are not criminal proceedings and neither the Attorney General nor any other officer is *solely* responsible for their initiation.") (emphasis added); Davis,151 F.3d at 1308 ("[W]e reject Mr. Davis's view of the U.S. Attorney as the *only* officer who may initiate revocation of supervised release.") (emphasis added); Amatel, 346 F.3d at 280 (same; quoting Davis); Mejia-Sanchez, 172 F.3d at 1176 ("We also reject Meija-Sanchez's contention that *only* the United States Attorney may initiate revocation proceedings.") (emphasis added).[8]

In addition to those decisions that specifically note the ability of the United States Attorney to initiate revocation proceedings, there are many others in which the government's motion to revoke was included in the procedural history without negative comment. *See, e.g.,* United States v. Grossberg, 47 F.2d 597, 597 (2d Cir. 1931) ("The United States moved to revoke his probation, the court heard the application on notice, revoked the probation, and sentenced him."); United States v. Evers, 534 F.2d 1186, 1187 (5th Cir. 1976) (probation revoked following motion by United States Attorney); United States v. Valdez-Sanchez, 414 F.3d 539, 541 (5th Cir. 2005) (same; Hensley v. United States, 257 F.2d 681, 683 (5th Cir. 1958) (probation revoked following motion by the government); McGaughey v. United States, 596 F.2d 796, 797 (8th Cir. 1979) (probation revoked following motion by United States);

---

[8] Ironically, in the context of this case, the only decision not in line with this precedent is United States v. Jones, 957 F. Supp. 1088 (E.D. Ark. 1997), where the district court held that *only* the United States Attorney could file such a motion. Id. at 1091. Of course, even Jones has been overturned to bring it into line with the remainder of the precedent on this issue. *See* Ahlemeier, 391 F.3d at 923-924.

United States v. Durchslag, 735 F.Supp. 298, 298 (N.D. Ill. 1990) (probation revoked following motion by government).

The magistrate judge listed several statutes and rules that expressly grant the government authority to take action in other contexts. *See* Barry, 2007 WL 734041 at 2. The magistrate judge inferred from the absence of a specific grant of authority to the United States Attorney to move for revocation of probation that Congress intended to *prohibit* the government from doing so. Id. at 3. This conclusion misreads the applicable statutes and rules of procedure.

The statutes regarding revocation of probation, Title 18, United States Code, Section 3565, and supervised release, Title 18, United States Code, Section 3583(e), are silent about how a motion to revoke may be filed. Rather, the statutes concentrate on the actions that a court must undertake to ensure that revocation is conducted properly. Federal Rule of Procedure 32.1 also is silent on how a court is to be informed about a violation of probation or supervised release. Contrary to the conclusion of the magistrate judge, however, courts of appeals have concluded that this silence actually enlarges rather than restricts the ways in which a court may learn about a violation.

> A perusal of § 3653 also reveals that there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer. Whenever the district court having jurisdiction over a probationer acquires knowledge from any source that a violation of the conditions of probation may have occurred, the court may then on its own volition inquire into the matter consistent with the requirements of notice and due process which have been held applicable.

Feinberg, 631 F.2d at 391; *accord* Mejia-Sanchez, 172 F.3d at 1175 (citing Feinberg with approval); Davis, 151 F.3d at 1307 (quoting Feinberg and citing it with approval). As noted

8

above, even the <u>Berger</u> case, upon which the magistrate judge relied, quoted this section from

<u>Feinberg</u> for the proposition that the court could proceed with revocation proceedings if it learned

"from any source" of a violation of probation. <u>Berger</u>, 976 F. Supp. at 949 n.2. Thus, the

magistrate judge erred in concluding that the United States Attorney is precluded from filing a

motion for probation revocation.[9]

Finally, the rationale of the magistrate judge's Order makes poor policy. Because of the

United States Attorney's unique role in conducting criminal investigations, considerable evidence

is available to the United States Attorney that is not available to the probation officer. When the

United States Attorney assembles evidence that the defendant has violated the conditions of his

release by, for instance, committing a new crime, there can be no rational basis for preventing the

United States Attorney -- a party to the case -- from notifying the court and seeking redress. In

addition, the published Order of the magistrate judge implies that the courts are incapable of

acting without a motion from the probation officer. Not only is this holding contrary to the

precedent discussed above, but it makes no practical sense. "The Probation Office functions as

part of the Court; it is in place to assist the Court in performing judicial functions." <u>Wilson</u>, 973

F. Supp. at 1032. It cannot be true that the court is prevented from acting to revoke probation

unless the probation officer first gives permission by filing a violation notice. Because the

magistrate judge's Order is impractical as well as legally erroneous, it should be reversed.

---

[9] The magistrate judge decided *sua sponte* to raise the issue of the authority of the United States Attorney to file a motion to revoke probation while ignoring the language in <u>Berger</u>, one of the decisions upon which she relied, which holds that the court may revoke probation *sua sponte* once it learns of a violation, regardless of the source of the information.

WHEREFORE, the Order of the magistrate judge holding that the United States Attorney is without authority to file a motion initiating probation revocation proceedings should be reversed, and this matter should be remanded to the magistrate judge with direction that she consider the government's motion to revoke on the merits.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

BY: _____
/s/ Attorney's Typed Signature
JAMES W. COOPER
D.C. Bar No. 421169

_____
/s/ Attorney's Typed Signature
THOMAS E. ZENO
D.C. Bar No. 348623

Assistant United States Attorneys
555 Fourth Street, N.W., Fifth Floor
Washington, DC  20530
(202) 514-6893
(202) 514-6957