UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 05-0556M-01 |
| ) | TFH/DAR |
| MARION S. BARRY, JR., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S APPEAL OF MAGISTRATE JUDGE'S DENIAL OF GOVERNMENT'S MOTION TO REVOKE PROBATION**

Defendant Marion S. Barry, Jr. (hereinafter "Defendant"), by and through undersigned counsel respectfully submits his opposition to the government's appeal of the Magistrate Judge's denial of the motion of the United States Attorney for the District of Columbia to revoke Defendant's probation in this matter. The appeal should be dismissed, alternatively denied for the following reasons:

**Background**

The underlying matters (two misdemeanor offenses) were designated to Magistrate Judge Robinson pursuant to 18 U.S.C. section 3401 and Fed. R. Crim. P. 58. Defendant pled guilty to one count of willful failure to file his personal federal income tax return and one count of willful failure to file his personal District of Columbia tax return. The Magistrate Judge sentenced Defendant to three years of supervised probation.

On February 1, 2007, the Office of the United States Attorney for the District of Columbia (hereinafter the "Government"), filed a Motion to Revoke Probation (the "Motion")

which was alleged to be filed pursuant to Fed. R. Crim. P. 32.1.  The Motion alleged that Defendant had violated the terms of his probation by committing two new criminal offenses, i.e. willfully failing to file his federal and District of Columbia tax returns for tax year 2005.  The Motion noted that Defendant had NOT been convicted of, or even charged with the alleged new criminal offenses.

On March 12, 2007, the Magistrate Judge issued an Order (hereinafter "Order") that denied the Motion on the ground that no authority permitted the Government to file a motion for revocation of Defendant's probation, and noting that the United States Probation Office had not initiated (or even concurred) in the revocation proceeding.

The Government has filed an appeal of the Order allegedly pursuant to Fed. R. Crim P. 58(g)(2)(A), 28 U.S.C. section 1291, and/or 18 U.S.C. section 3731.  The Government's appeal requests that the Order be reversed and that the Motion be remanded for a decision on the merits. Defendant respectfully requests that the Government's appeal be denied, or alternatively that the Order be affirmed.

**Argument**

**There Is No Jurisdictional Basis for the Government's Appeal of the Order**

The Government has taken the unusual step of appealing the Order, and argues that Fed. R. Crim. P. 58(g)(2)(A), and 29 U.S.C. section 1291 and/or 18 U.S.C. section 3731 allow this Court to consider its appeal of the Order.  Defendant respectfully disagrees.

Fed. R. Crim. P. 58(g)(2)(A) provides that either the Defendant or the Government  may appeal an "interlocutory" order of a Magistrate Judge to a district judge if a district judge's order could be similarly appealed.  Defendant respectfully submits that this Court is without

jurisdiction to consider the Government's appeal of the Order because the Order would not be an appealable order were it to have been issued by a district judge.

It is fundamental that the United States has no right of appeal in a criminal case absent express statutory authority. United States v. Scott, 437 U.S. 82, 84-84 (1978). The Government's general statutory right to appeal in criminal cases is established by the Criminal Appeals Act (18 U.S. C. section 3731). This statute grants the United States Courts of Appeals jurisdiction to hear criminal appeals by the United States of district court orders that (1) dismiss an indictment or grant a new trial, (2) suppress evidence or require the return of seized property, or (3) relate to the temporary release of a person charged or convicted of an offense. See, United States v. Hundley, 858 F.2d 58, 62 (2d Cir. 1988), and United States v. Wilson, 420 U.S. 332 (1975). The Order is plainly not among the types of orders that are included within the ambit of section 3731, and, therefore, the Government may not pursue an appeal under the authority granted by section 3731.

The Government grounds its section 3731 jurisdictional argument on the language of section 3731 that reads "... An appeal by the Untied States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release." The Order does not grant Defendant release from custody, nor did it deny a motion to revoke or modify the conditions of a previously entered order granting release. Section 3731 simply does not authorize the Government to appeal from the Order. See United States v. Peterson, 394 F.3d 99, 102 (2d Cir. 2005). In light of this section's precisely drawn provision and the well-settled principle that Government appeals must

be explicitly authorized by Congress, the fact that the Order is not among the express inclusions in section 3731 (or in any other statute) is significant. If section 3731 were to grant the universal authority for appeals by the government as claimed in the Government's appeal, 18 U.S.C. sections 3575 and 3576; 18 U.S.C. section 3742(a); 21 U.S.C. section 849(h);18 U.S.C. section 924(e); and other sections of the U.S. Code would be superfluous. That plainly was not the intent of Congress in enacting either section 3731, or those sections of the U.S. Code.

Similarly, 28 U.S. C. section 1291 provides the United States Courts of Appeals with jurisdiction over all "final decisions" of the district courts of the United States. A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). The "collateral order doctrine" has evolved as an adjunct to section 1291, but is understood not to be an exception to the final decision rule ... but as a practical construction of it. United States v. Moussaoui, 2007 U.S. App. LEXIS 5838 at *13 (4th Cir. March 14, 2007) citing Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994). See also, Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

As a general rule, however, section 1291 is not viewed as granting the government the right to appeal in criminal cases. Arizona v. Manypenny, 451 U.S. 232, 246 ((1981). While the collateral order doctrine is theoretically available to the government when seeking to appeal adverse orders in criminal cases, the Supreme Court has cautioned that the instances in which such orders would be appealable pursuant to the collateral order doctrine without regard to the limitations of 18 U.S.C. section 3731 are very few. See, Carroll v. United States, 354 U.S. 394,

403 (1957). See also Digital Equip., 511 U.S. at 868, and Moussaoui, 2007 U.S. App. LEXIS 5838 at *33.

The Government argues that the denial of a motion to revoke probation or supervised release may be appealed to the courts of appeals. Government Appeal at 3- 4, citing United States v. Peterson, 394 F3d 98, 105 (2d Cir. 2005); United States v. Marmolejo, 915 F.2d 981, 981-982 (5th Cir. 1990); and United States v. Jankowski, 771 F.2d 70, 71 (3d Cir. 1985) to support this argument. In the Jankowski case, the jurisdiction of the government's appeal was actually based on section 3731 not section 1291[1]. The Peterson and Marmolejo cases involved government appeals of dismissals of a petition for probation revocation, and a petition for revocation of supervised release respectively. The court in Mamolejo allowed the government's appeal because it ruled that a supervised release proceeding was not a "criminal case", and therefore section 1291 provided the court with jurisdiction to hear the government's appeal because it did not arise in a criminal case. Mamolejo, 915 F.2d at 982. The court in Peterson, however, ruled that the trial court's determination that the defendant had or had not violated a condition of probation was both a criminal case and a decision collateral to the main course of that criminal case, and was, therefore, appealable by the government under section 1291. Peterson, 394 F.3d at 103-105.

The instant case differs from the Peterson case in that the decision of the trial court in Peterson was a decision on the merits, because the court granted defendant's motion to dismiss the petition for revocation on the ground that even if the allegations of the petition for revocation

---

[1] Because the court in Jankowski rejected appellant's claim that the court lacked jurisdiction under section 3731, the court found it "unnecessary" to decide whether there was also jurisdiction under section 1291. Jankowski, 771 F. 2d at 71, n.1.

were true, the allegations did not constitute a violation of 42 U.S.C. section 14135(a)$^2$ so as to mandate revocation of defendant's probation. In the instant case, the magistrate judge made no on the merits decision (as conceded by the Government in its appeal at p.2), and denied the Government's motion on the ground that it lacked the authority to file the Motion. The Order expressly left open the opportunity for a proper report and recommendation for revocation of Defendant's probation being filed by the U.S. Probation Office. The inability of the Government to appeal the Order does not deny the Government the opportunity to exercise its prosecutorial prerogative, nor does it deny the U.S. Probation Office the opportunity to appropriately bring matters regarding Defendant's alleged violation of the terms of his probation to the attention of the court.

The cases cited by the Government do nothing to advance the argument that section 1291 provides this Court with jurisdiction to appeal the Order. This Court's statutory jurisdiction to hear the Government's purported appeal of the Order cannot be founded on the plain language of section 1291, or upon the collateral order doctrine. Lacking a proper jurisdictional foundation, the Government's appeal in this matter should be dismissed.

**The Order Was Properly Granted**

The Government argues that the magistrate judge was "simply wrong" in ruling that the Motion established no authority permitting the United States Attorney to file a motion to revoke the Defendant's probation. The Government's brief on appeal fails, however, to establish any

---

$^2$  Akin to a dismissal for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6). See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) citing Bell v. Hood, 327 U.S. 678, 682-683 (1946).

authority statutory or otherwise that grants the United States Attorney the prerogative to file a motion to revoke Defendant's probation.

The Government cites as the authority for the Motion Fed. R. Crim P. 32.1.  That rule provides no authority for the Government to file a motion to revoke Defendant's probation.  The rule (as noted in the Order) set outs the rights of a probationer with respect to proceedings to revoke or modify probation or supervised release, and the manner in which any revocation hearing will be conducted.  Nowhere in the Federal Rules of Criminal Procedure, or in any federal statute is there any express authority for the United States Attorney to file such a motion.

Defendant respectfully submits that the Government misreads both United States v. Berger, 976 F. Supp. 947 (N.D. Cal. 1997), and United States v. Wilson, 973 F. Supp. 1031 (W.D. Okl. 1997) which are cited by the Magistrate Judge to support the Order. The defendant in the Berger case argued that the probation revocation proceeding should be dismissed on the grounds that the court lacked jurisdiction because the revocation proceeding had been initiated by the probation officer and not the United States Attorney.  The court ruled that:

> "When the probation officer reports on a violation of a defendant's sentence, the probation officer acts as an agent of the court, not as a law enforcement agent.  If the prosecutor concludes the probationer violated the criminal law, the prosecutor is free to initiate criminal proceedings separate from the probation revocation proceedings."
> Berger, 976 F. Supp. at 949.

Nowhere in the Berger decision is there any acknowledgment that the prosecutor has any authority to file a motion to revoke probation as argued in the Government's appeal.  The argument made by the Government that the statement of the court in the Berger case ("No statute requires the United States Attorney to initiate all probation revocation proceedings" Berger, 976

F. Supp. at 949) is a statement of acknowledgment of such authority, is merely a rebuttal to that defendant's argument that only the United States Attorney could initiate probation revocation proceedings.

In the Wilson case, the court noted that a violation of a condition of supervised release is purely a matter for decision by the Court relative to the defendant in the case and no attorney for the government needs to, or should act as a clearing house, a filter, or a gatekeeper with respect to that decision. Wilson, 973 F. Supp. at 1033. In the Wilson case, the court stated that it would be entirely inappropriate to vest petitioning authority in the United States Attorney in a revocation case. Wilson, 973 F. Supp. at 1032-1033. Such a statement cannot be read as an acknowledgment of the authority of the prosecutor to initiate probation revocation proceedings.

In United States v. Burnette, 980 F. Supp. 1429 (M.D. Ala.1997), the defendant argued that a probation officer should not be allowed to file a petition for revocation of probation, and that the authority for any recommendation for revocation of probation belongs only to the United States Attorney. Burnette, 980 F. Supp. at 1430. In rejecting the defendant's arguments, the court determined that because of the statutory framework of 18 U.S.C. sections 3601, 3602, and 3603, and because of the practices of the court in initiating probation revocation proceedings, a probation officer was authorized to file a petition for probation revocation. Id. at 1433.

The court in Burnette makes note of the practice employed in the federal court for the Middle District of Alabama[3] of probation revocation proceedings being initiated by probation

---

[3] A similar practice is employed in the Southern District of New York, within the Second Circuit, and across the country where probation officers who act as the court's eyes and ears provide information and recommendations to the court. United States v. Amatel, 346 F.3d 278, 279 (2d Cir. 2003) citing United States v. Reyes, 283 F.3d 446, 455 (2d Cir.), cert denied 537 U.S. 822 (2002).

8

officers, and specifically rejects the ruling in United States v. Jones, 957 F. Supp. 1088 (E.D. Ark. 1997). Burnette, 980 F. Supp. at 1434-1435. Nowhere in the Burnette case, does the court endorse the notion that the United States Attorney is authorized to file a motion for probation revocation.

It should be noted that the six courts of appeals cases cited in the Government's appeal do NOT approvingly note the ability of the United States Attorney to initiate revocation proceedings as alleged in the Government's appeal. The cases are silent with respect to that issue because that issue was not before any of the courts[4]. In United States v. Cofield, 233 F.3d 405 (6th Cir. 2000), the court rejected the ruling in Jones, supra, that only the United States Attorney could initiate probation revocation proceedings, ruled that the court determines whether probation revocation proceedings will be initiated, and ruled that the probation officer acts as an agent for the court in providing the information necessary to make that determination. Cofield, 233 F.3d at 408-409. In United States v. Ahlemeier, 391 F.3d 915 (8th Cir. 2004), that court also rejected the ruling in the Jones case, and ruled that a probation officer could commence proceedings to revoke the defendant's supervised release. Ahlemeier, 391 F.3d at 923. Neither of these cases can be fairly read as a ruling that the United States Attorney is authorized to initiate proceedings for the revocation of probation or supervised release because the only issue before either court was whether a probation officer had the authority to initiate such proceedings.

In United Sates v. Davis, 151 F.3d 1304 (10th Cir. 1998), the court ruled that in initiating probation revocation proceedings, probation officers did not usurp the United States Attorney's authority to file an information or seek an indictment. Davis, 151 F.3d at 1307. That

---

[4] In none of these cases is the government the appellant.

court ruled that the "... U.S. Attorney retains discretion to file new criminal charges against the defendant arising from defendant's violation of conditions of release which are criminal in nature ..." Id. at 1308. The court did not rule that the U.S. Attorney could initiate such proceedings. The statement in the three other cases cited in the Government's appeal (Bermudez-Plaza, Amatel, and Mejia-Sanchez) that "probation proceedings are not criminal proceedings and there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer." is taken from the decision in United States v. Feinberg, 631 F.2d 388, 390 (5th Cir. 1980). The court in Fineberg ruled with respect to 18 U.S.C. section 3653 (of the Federal Probation Act) which was repealed by the Sentencing Reform Act of 1984. 18 U.S. C. Section 3603 specifically requires that probation officers report violations of probation to the court and to the United States Attorney. Section 3603 is silent with respect to the United States Attorney filing any such report of violation of probation with the court. The statutory scheme created by the Congress in the Sentencing Reform Act of 1984 could have, but did not authorize the United States Attorney to initiate probation revocation proceedings. The Congress left that responsibility with the Court and its agent the U.S. Probation Office. To do otherwise, would be tantamount to abdicating the Judiciary's sentencing responsibility to the Executive. Mejia-Sanchez, 172 F.3d 1172, 1175 9th Cir. 1999 quoting Davis, 151 F.3d at 1308. See also Wilson, 973 F. Supp. at 1033.

     Contrary to the assertion by the Government, the cited cases (Bermudez-Plaza, Amatel, Cofield, Ahlemeir, Mejia-Sanchez, and Davis) do not specifically note the ability of the United States Attorney to initiate revocation proceedings (as noted in this opposition above). Moreover, the Government's citation of additional cases in which there is a mention of a "government"

motion to revoke in the procedural history of the case without comment is not persuasive authority. The mention may or may not refer to an actual motion to revoke probation that was filed by the United States Attorney pursuant to Fed. R. Crim. P. 32.1 (which is not mentioned in any of the cited cases). Reliance on the speculation of what the references to "government" and "motion to revoke" mean in those cases is inappropriate.

The fact the 18 U.S.C. section 3565 and Fed R. Crim P. 32.1 do not speak to who may file a motion to revoke probation does not serve to authorize the United States Attorney to file a motion to revoke Defendant's probation. It is very significant that there is no statute or rule that even tangentially authorizes or obligates the United States Attorney to file a motion to revoke probation for an alleged probation violation.. Section 3603, however, obligates probation officers to provide the supervising court with such information. As noted in the Order:

> The significance of vesting the petitioning authority in the United States Attorney would be that the United States Attorney would thereby exercise prosecutorial discretion in the decision whether to proceed [with a revocation proceeding] or not. That discretion is certainly embedded in the law with respect to charging decisions, to take a case to the grand jury or to take a case through the information process directly to court. It would be entirely inappropriate, however, in a revocation case.
> Wilson, 973 F. Supp. at 1032-1033.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Government's appeal in this matter be dismissed for lack of jurisdiction, or alternatively that the Government's appeal in this matter be denied and the Order affirmed

Respectfully submitted,

/s/ Frederick D. Cooke, Jr.
_____
Frederick D. Cooke, Jr., D.C. Bar No. 164608
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D. C. 20036

202 861 0870
202 429 0657 (facsimile)

Counsel for Defendant Marion S. Barry, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 05-0556M-01 |
| ) | TFH/DAR |
| MARION S. BARRY, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of the Government's appeal of the March 12, 2007 Order issued by Magistrate Judge Robinson in this matter, Defendant's opposition thereto, and the record herein, it is this _____ day of _____, 2007 ORDERED that the Government's appeal is hereby DISMISSED; and/or it is

FURTHER ORDERED, that the Government's appeal is hereby DENIED and the March 12, 2007 Order is AFFIRMED.

_____
THOMAS F. HOGAN
United States Judge

**CERTIFICATE OF SERVICE**

I, Frederick D. Cooke, Jr., do hereby certify that on this 5th day of April, 2007 that a copy of the foregoing Defendant's Opposition to Government's Appeal was electronically served and mailed by first class mail, postage pre paid, to:

> James W. Cooper, Esq.
> Thomas E. Zeno, Esq.
> Assistant United States Attorneys
> 555 Fourth Street, NW
> Fifth Floor
> Washington, D.C. 20001

/s/ Frederick D. Cooke, Jr.
_____
Frederick D. Cooke, Jr.