UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05- 556M (TFH/DAR) |
| v. | : | |
| MARION S. BARRY, JR., | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY MEMORANDUM
IN SUPPORT OF APPEAL TO THE CHIEF JUDGE OF
MAGISTRATE JUDGE'S DENIAL OF MOTION TO REVOKE PROBATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum in support of its appeal of the magistrate judge's Order denying the government's motion to revoke probation.

**Local Civil Rule 40.7 assigns the appeal to this Court.**

By Order dated April 9, 2007, this Court directed the parties to address the applicability of Civil Rule 40.7 (g) of the Rules of the United States District Court for the District of Columbia (Local Civil Rule 40.7) to the case at bar. The government respectfully submits that the rule assigns responsibility to this Court for the appeal from the ruling of the magistrate judge.

On March 22, 2007, the government filed the "Government's Appeal to the Chief Judge of Magistrate Judge's Denial of Motion to Revoke Probation." The government directed its appeal to this Court because the case at bar has never been assigned to a judge of the Court. Instead, pursuant to Local Criminal Rule 57.20, the case at bar began with a misdemeanor

information filed on October 28, 2005, that was assigned immediately to the magistrate judge.

Local Criminal Rule 57.20 provides, in pertinent part:

> **REFERRAL OF MISDEMEANOR CASES TO
> MAGISTRATE JUDGES FOR ALL PURPOSES**
>
> **(a) Jurisdiction to conduct trials of misdemeanor cases.**
>
> A magistrate judge may conduct trials (with or without a jury),
> accept pleas, impose sentence, and otherwise exercise jurisdiction
> in case of misdemeanor offenses in accordance with 18 U.S.C.
> § 3401 and Rule 58, Federal Rules of Criminal Procedure.

At all times since the initial assignment, the case at bar has been handled by the magistrate judge.

Local Civil Rule 40.7 provides, in pertinent part, that the "Chief Judge shall . . . hear and determine requests for review of rulings by magistrate judges in criminal cases not already assigned to a judge of the Court."[1]  This Court already has found that Local Civil Rule 40.7 (g) assigns the Chief Judge to decide the government's appeal of a magistrate judge's denial of a pen register application.  See <u>In Matter of Application of U.S. For an Order Authorizing the Installation and Use of a Pen Register and Trap & Trace Device on E-Mail Account</u>, 416 F.Supp.2d 13, 14 n.2 (D.D.C. 2006).  As does a pen register application, the case at bar began with the magistrate judge and never was assigned to a judge of the Court.  Therefore, the appeal of the case at bar properly is directed to this Court, as Chief Judge.

---

[1] Local Criminal Rule 57.14 (7) has the same wording except that the subsection is denoted (7) instead of (g).

**Jurisdiction for a government appeal exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3731.**

Pursuant to either Title 28, United States Code, Section 1291, or Title 18, United States Code, Section 3731, or both, a denial of a motion to revoke probation may be appealed. Although the defendant correctly points out the government's authority to file appeals in criminal cases is limited by the Constitution and by statute, *see* Defendant's Opposition at 2, all relevant authority supports the appeal in the case at bar. *See* United States v. Peterson, 394 F.3d 98, 105 (2d Cir. 2005) (holding that an appeal of a district court's order denying the government's probation revocation petition was authorized by Section 1291); United States v. Marmolejo, 915 F.2d 981, 981-982 (5th Cir. 1990) (same regarding supervised release, which, like probation, is covered by Federal Rule of Criminal Procedure 32.1); and United States v. Jankowski, 771 F.2d 70, 71 n.1 (3rd Cir. 1985) (same regarding probation, but finding the source of the government's appeal authority in Section 3731, while specifically reserving the question of whether appeal authority also exists in Section 1291).

In Marmolejo, the Fifth Circuit held that, under Supreme Court precedent, supervised release revocation proceedings are not "criminal" proceedings and, therefore, an appeal such as this may be heard pursuant to Section 1291.[2] In Peterson, the Second Circuit likewise found that Section 1291 permitted a government appeal of a district court's denial of a probation revocation motion, although that court disagreed with the Fifth Circuit's conclusion that probation

---

[2] Title 28, United States Code, Section 1291 provides, in pertinent part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

revocation proceedings are not "criminal." [3]  Similarly, in Jankowski, the Third Circuit permitted a government appeal of an order denying probation revocation.  Without deciding whether that authority arose from the general appeal statute (Section 1291), the court found the government's authority in Section 3731, which provides, in pertinent part,

> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

18 U.S.C. § 3731.

Whether this Court finds the specific authority for this appeal in Section 1291 (and whether that authority arises from the fact that this is no longer a "criminal" case or resides in the

---

[3]  The Second Circuit nonetheless found the appeal cognizable because of the collateral order exception to the final order requirement of Section 1291 recognized in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), and Abney v. United States, 431 U.S. 651 (1977). Essentially, the Second Circuit determined that the issues raised by the denial of probation revocation were sufficiently distinct and severable from the underlying criminal case that no double jeopardy concerns existed.  The appellate court had "no difficulty concluding that a district court's determination that a defendant has or has not violated a condition of probation ordinarily is a decision collateral to the main course of criminal prosecution and therefore appealable under section 1291."  Peterson, 394 F.3d at 105.

The defendant tries to distinguish Peterson on the ground that the magistrate judge in the case at bar avoided reaching the merits of the probation revocation by deciding only that the United States Attorney had no authority to file a motion to revoke.  Defendant's Opposition at 5-6.  This argument creates a false dichotomy.  The government may appeal a denial on the merits as well as a dismissal on jurisdictional grounds because two separate disputed questions are involved.  At stake in the case at bar is the question of whether the government has authority to file a motion to revoke probation.  The decision of the magistrate judge is appealable as a collateral order because it "conclusively determine[d] the disputed question, resolve[d] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (citing, *inter alia*, Abney, 431 U.S. 651).

collateral order doctrine[4]), or Section 3731, or both, as the government maintains, defendant clearly misses the mark in arguing that this Court lacks jurisdiction to hear this appeal of a clearly erroneous and otherwise unreviewable order of a magistrate judge.  This Court should, therefore, adopt the holdings of Peterson, Marmolejo, and Jankowski and find that this Court does have jurisdiction to hear this appeal.

**Precedent uniformly supports United States Attorney's authority to file a motion to revoke.**

Although he attempts to distinguish the numerous cases that permit the United States Attorney to file a revocation motion and that were cited in the government's appeal, the defendant provides no cases (other than the decision of the magistrate judge itself) which hold that the United States Attorney is precluded from filing such a motion.  Instead, by picking isolated sentences from decisions, the defendant attempts to weave an argument that the precedent does not really support the authority of the government to file a motion to revoke.  His attempt fails.

The glaring problem with the defendant's parsing of the cases is his failure to account for the procedural posture of the precedent.  It is true, as the defendant claims, that the cases decided by six courts of appeals relied upon by the government in its appeal do not explicitly hold that the United States Attorney may file a motion to revoke.  *See* Defendant's Opposition at 9.  That said, defendants in those cases had challenged the authority of the probation officer to seek revocation, in part by asserting that *only* the United States Attorney can do so.  First, the challenges of some defendants relied explicitly on United States v. Jones, 957 F. Supp. 1088 (E.D. Ark. 1997), *overruled by* United States v. Ahlemeier, 391 F.3d 915, 923-924 (8th Cir.

---

[4] *See* supra, n.3 and accompanying text.

2004), which held that a probation officer cannot file a motion to revoke probation but can only report violations to the United States Attorney who then files the motion. Id. at 1091. *See* United States v. Amatel, 346 F.3d 278, 280 (2d Cir. 2003) (defendant relied upon Jones); United States v. Cofield, 233 F.3d 405, 408 (6th Cir. 2000) (same), cert. denied, 532 U.S. 952 (2001); United States v. Ahlemeier, 391 F.3d at 923 (same). Second, some defendants claimed that a revocation motion filed by the probation officer, an officer of the judicial branch, violated the separation of powers doctrine because only the government attorney could file such a motion. *See* United States v. Bermudez-Plaza, 221 F.3d 231, 234 (1st Cir. 2000) (defendant claimed "only the Attorney General may initiate revocation proceedings"); United States v. Mejia-Sanchez, 172 F.3d 1172, 1175 (9th Cir.) (defendant contended "only the United States Attorney may initiate revocation proceedings under the separation of powers doctrine"), cert. denied, 528 U.S. 982 (1999); and United States v. Davis, 151 F.3d 1304, 1306 (10th Cir. 1998) (defendant argued "authority to file those petitions rests exclusively with the United States Attorney"). In this context, it is inconceivable that the courts of appeals were unaware of the import of their decisions on the issue of the role of the United States Attorney as one party permitted to file a motion to revoke probation. If the United States Attorney were, in fact, precluded from filing a revocation motion, certainly one of the cases would contain at least a reference to that fact.

Instead, four of the decisions specifically commented that the United States Attorney, in addition to the probation officer, had the power to file a revocation motion. These statements reveal the underlying conviction of the appellate courts that the government has the authority to file such a motion. Bermudez-Plaza, 221 F.3d at 234 ("[R]evocation hearings are not criminal proceedings and neither the Attorney General nor any other officer is *solely* responsible for their

initiation.") (emphasis added); Davis,151 F.3d at 1308 ("[W]e reject Mr. Davis's view of the U.S. Attorney as the *only* officer who may initiate revocation of supervised release.") (emphasis added); Amatel, 346 F.3d at 280 (same; quoting Davis); Mejia-Sanchez, 172 F.3d at 1176 ("We also reject Meija-Sanchez's contention that *only* the United States Attorney may initiate revocation proceedings.") (emphasis added).

Similarly, the defendant's argument overlooks crucial language when asserting that his is the proper interpretation of United States v. Berger, 976 F. Supp. 947 (N.D. Cal. 1997), and United States v. Wilson, 973 F. Supp. 1031 (W.D. Okl. 1997). *See* Defendant's Opposition at 7. Although the cases recognize the government's authority to bring independent criminal actions, neither Berger nor Wilson denies the United States Attorney a role in the revocation process. For instance, in Berger, the district court stated: "No statute requires the United States Attorney to initiate *all* probation revocation proceedings." Berger, 976 F. Supp. at 949 (emphasis added). This sentence would make no sense if the United States Attorney actually was prohibited from filing any such motion. Similarly, in Wilson the district court did

> not deprecate the role of the United States Attorney by saying that he should not participate in any prosecutorial decision to bring an alleged violation before the Court for consideration.

Id. at 1033. Wilson merely held that the probation officer also had the authority to file a motion to revoke probation. Id.

The defendant's reliance on United States v. Burnette, 980 F. Supp. 1429 (M.D. Ala. 1997), *see* Defendant's Opposition at 8-9, also is misplaced. Burnette, yet another case in which the defendant relied upon the later overruled Jones case to support the claim that the power to file a motion to revoke probation "belongs to only the United States Attorney," id. at 1430, 1434, is

7

unhelpful to defendant Barry's claim. While Burnette held that a probation officer may file a petition for revocation of probation, it also neither denied nor affirmed the power of the United States Attorney to file a petition for revocation of probation. Id. at 1438. Furthermore, subsequent cases citing Burnette on the role of the probation officer also confirm the authority of the United States Attorney to file a motion to revoke probation. *See,* e.g., United States v. Davis, 151 F.3d 1304, 1306-1308 (10th Cir. 1998) (mentioning Burnette, but going on to say that "the sentencing court may initiate such proceedings *sua sponte* based on information acquired from *any* source. . . . [W]e reject Mr. Davis's view of the U.S. Attorney as the *only* officer who may initiate revocation of supervised release.") (emphasis added).

In short, the decision of the magistrate judge is unique in holding that the United States Attorney lacks the authority to file a motion to revoke probation. The decision itself cites no authority that supports its holding. It is incorrect, and it should be reversed.

WHEREFORE, the Order of the magistrate judge holding that the United States Attorney is without authority to file a motion initiating probation revocation proceedings should be reversed, and this matter should be remanded to the magistrate judge with direction that she consider the government's motion to revoke on the merits.[5]

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar No. 498610

BY:

        /s/ Attorney's Typed Signature
        JAMES W. COOPER
        D.C. Bar No. 421169

        /s/ Attorney's Typed Signature
        THOMAS E. ZENO
        D.C. Bar No. 348623

        Assistant United States Attorneys
        555 Fourth Street, N.W., Fifth Floor
        Washington, D.C. 20530
        (202) 514-6893
        (202) 514-6957

---

[5] We wish to acknowledge the contributions of Jordan Segall, a Junior at American University in Washington, D.C., in the preparation of this memorandum.