UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.           ) | CRIMINAL No. 05-556M   (TFH/DAR) |
| ) | |
| MARION S. BARRY, JR.,      ) | |
| ) | |
| Defendant.      ) | |

## MEMORANDUM OPINION

Pending before the Court is the government's appeal from the magistrate judge's denial of its Motion to Revoke Probation. [dkt. 21]  Upon careful review of the motion, defendant's opposition, and the government's reply, the Court will reverse the magistrate judge's order and remand for a decision on the merits.

Defendant pled guilty to one count of willful failure to file a federal personal income tax return and one count of willful failure to file a District of Columbia personal income tax return on October 28, 2005.  On March 9, 2006, the magistrate judge sentenced defendant to three years supervised probation and included the condition that he commit no new offenses.  On February 1, 2007, the government filed a Motion to Revoke Probation, alleging defendant violated his probation by committing two new criminal offenses.  On March 12, 2007, the magistrate judge denied the motion because "no authority permits the United States Attorney to file a motion for revocation of probation," and therefore declined to reach the merits. *United States v. Barry*, ___ F. Supp.2d ___, 2007 WL 734941 (D.D.C. 2007).  The government appeals the decision to this

Court under Local Civil Rule 40.7(g)[1], seeking reversal and remand for a decision on the merits. Defendant argues this Court is without jurisdiction to hear the appeal, and the magistrate judge properly denied the motion. The Court disagrees.

## I.   JURISDICTION

Federal Rule of Criminal Procedure 58(g)(2)(A) provides: "either party may appeal an order of a magistrate judge to a district court within 10 days of its entry if a district judge's order could similarly be appealed." Accordingly, the Court's jurisdiction in this matter is identical to a court of appeals' authority to hear a similar appeal from a district court.

The government has no right of appeal in a criminal case "absent explicit statutory authority." *United States v. Scott*, 437 U.S. 82, 84-85 (1978). The government argues both 18 U.S.C. § 3731[2] and 28 U.S.C. § 1291[3] confer jurisdiction, and relies on decisions from the second, third and fifth circuits for support.[4]

---

[1] Under both LCvR 40.7(g) and LCrR 57.14(7), the Chief Judge must "hear and determine requests for review of rulings of magistrate judges in criminal cases not already assigned to a judge of the Court."

[2] Section 3731 provides in pertinent part: "An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release."

[3] Section 1291 provides: "The courts of appeals . . . shall have jurisdiction of appeals from all final decision of the district courts of the United States . . . ."

[4] *See United States v. Peterson,* 394 F.3d 98, 105 (2d Cir. 2005) (holding section 3731 does not authorize an appeal of a district court's order denying the government's probation revocation petition because probation is a criminal sentence and not a period of release prior to trial, but that section 1291 *does* authorize such an appeal because the issue on appeal was sufficiently distinct from the underlying criminal proceeding); *United States v. Jankowski*, 771 F.2d 70, 71 (3rd Cir. 1985) (holding section 3731 confers jurisdiction over an appeal of a dismissal of a probation violation complaint, and therefore expressly leaving open the

Under 28 U.S.C. § 1291, courts of appeals have jurisdiction to hear appeals from "all final decisions" of district courts. Generally, section 1291 does not authorize government appeals in criminal cases. *Arizona v. Manypenny*, 451 U.S. 232, 246 (1981). Notwithstanding this general rule, the Supreme Court suggested:

> [c]ertain orders relating to a criminal case may be found to possess sufficient independence from the main course of the prosecution to warrant treatment as plenary orders, and thus be appealable on the authority of 28 U.S.C. § 1291 without regard to the limitations of 18 U.S.C. § 3731, just as civil litigation orders of equivalent distinctness are appealable on the same authority without regard to the limitations of 28 U.S.C. § 1292.

*Carroll v. United States*, 354 U.S. 394, 403 (1957). Accordingly, regardless of whether the underlying proceeding is criminal, it may be appealed under section 1291 if the issue on appeal is sufficiently distinct from the underlying proceeding. *Id*. As the Second Circuit noted, "when a district court order has no effect on the merits of the underlying criminal prosecution or sentence, it is 'truly collateral to the criminal prosecution,'" and, thus, appealable under section 1291. *Peterson*, 394 F.3d at 105 (quoting *Abney v. United States*, 431 U.S. 651, 660 (1977)).

Here, whether the government is authorized to move for probation revocation is a purely legal question that has nothing to do with, and affects in no way, the merits of the underlying conviction. Consequently, the Court finds the question raised by this appeal – whether the United States Attorney is authorized to move for probation revocation – sufficiently distinct from the underlying proceedings to render it appealable under 28 U.S.C. § 1291.[5]

---

question of whether jurisdiction is also conferred by section 1291); *United States v. Marmolejo*, 915 F.2d 981, 981-82 (5th Cir. 1990) (holding the government could appeal a dismissal of a motion to revoke supervised release under section 1291 because such hearings are not criminal proceedings).

[5] Because the Court finds the order sufficiently distinct, it is appealable under section 1291 regardless of whether it is criminal and this Court, therefore, declines to reach that issue.

## II. AUTHORITY TO MOVE FOR PROBATION REVOCATION

Neither Federal Rule of Criminal Procedure 32.1 nor Local Criminal Rule 32.1 indicate who is empowered to move for probation revocation proceedings. Nonetheless, the magistrate judge found the United States Attorney was not authorized to move for revocation, reasoning as follows: (1) the "long standing practice in this Court is that such hearings are scheduled only at the request of the Probation Office," (2) there is no Rule or statute that expressly permits the United States Attorney to move for revocation, but there are many other statutes where Congress expressly provided such authority to the United States Attorney, and (3) the omission of express authority warrants but one conclusion: because Congress conferred upon the Probation Office the exclusive authority to supervise individuals sentenced to probation, it "did not intend that an attorney for the government report alleged violations of probation to the sentencing court, or move for revocation proceedings." *Barry*, 2007 WL 734041 at 1-3.

The court cites two decisions to support the holding, *United States v. Wilson*, 973 F. Supp. 1031 (W.D. Okla. 1997), and *United States v. Berger*, 976 F. Supp. 947 (N.D. Cal. 1997). However, in both *Wilson* and *Berger* the defendant challenged the authority of the Probation Office to inform the court of probation violations, arguing instead that the authority vested exclusively with the United States Attorney. The issue was not, as it is here, whether the United States Attorney possessed the authority by statute or otherwise. In each, the court explicitly held the Probation Office possessed the authority, and at the same time indicated that the United States Attorney also is vested with the authority. *See Berger*, 976 F. Supp. at 950 ("[n]o statute requires

---

Likewise, because jurisdiction is conferred by section 1291, this Court need not decide whether 18 U.S.C. § 3731 also confers jurisdiction.

4

the United States Attorney to initiate all probation revocation proceedings" and "[t]here would be little need for [the Probation Office to report violations] to the court if a probation revocation proceeding could only be initiated by the United States Attorney"); *Wilson*, 973 F. Supp. at 1033 (explaining that the decision to proceed with probation revocation is entirely within the court's purview, stating "[n]othing seems more unsuitable than a system in which the Court would be empowered to proceed on an alleged violation of a condition of supervised release only if the United States Attorney's Office exercised its prosecutorial discretion to place a decision in front of the Court"). Moreover, all six circuit courts of appeals that considered the issue concluded the Probation Office is authorized to move for probation revocation, and in so finding, four of the six indicated without discussion that the United States Attorney possesses the authority as well.[6]

These cases are consistent with the view that when the court is presented with evidence of a probation violation – whatever its source – it may on motion or its own volition initiate revocation proceedings. Regardless, the ultimate decision to revoke remains with the court.[7]

---

[6] *United States v. Bermudez-Plaza*, 221 F.3d 231, 234-35 (1st Cir. 2000) ("[R]evocation proceedings are not criminal proceedings and neither the Attorney General nor any other officer is solely responsible for their initiation."); *United States v. Davis*, 151 F.3d 1304, 1306-08 (10th Cir. 1998) ("we reject Mr. Davis' view of the U.S. Attorney as the only officer who may initiate revocation of supervised release."); *United States v. Amatel*, 346 F.3d 278, 279-80 (2d Cir. 2003) (same, quoting *Davis*); *United States v. Mejia-Sanchez*, 172 F.3d 1172, 1176, (9th Cir. 1999) ("we also reject Meija-Sanchez's contention that only the United States Attorney may initiate revocation proceedings.").

[7] The fifth circuit made this point well in *United States v. Feinberg*, 631 F.2d 388, 391 (1980):
> A perusal of § 3653 reveals that there is no requirement that revocation proceedings be initiated by a particular officer of the government, or by any officer. Whenever the district court having jurisdiction over a probationer acquires knowledge from any source that a violation of the conditions of probation may have occurred, the court may then on its own volition inquire into the matter consistent with the requirements of notice and due process which have been held applicable.

Accordingly, the magistrate judge's concern that if the United States Attorney possessed petitioning authority "[he/she] would thereby exercise prosecutorial discretion in the decision whether to proceed [with a revocation proceeding] or not," is misplaced. *Barry,* 2007 WL 734041 at 3 (citing *Wilson*, 973 F. Supp. at 1032-33). While the United States Attorney may exercise discretion in deciding whether to move for revocation of probation, it is the court that decides whether to grant the motion. And, in rendering its decision, the court could certainly take into consideration whether or not the Probation Office considers the defendant in violation.

For the foregoing reasons, the Court reverses and remands for a decision on the merits.

**SO ORDERED**.

April 26, 2007                                                  /s/
                                                         Thomas F. Hogan
                                                           Chief Judge