1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    .    DOCKET NUMBER:  05-556-M
                            .
      vs.                   .    Washington, D.C.
                            .    March 9, 2006
MARION S. BARRY, JR.        .    10:00 a.m.
                            .
         Defendant.         .
. . . . . . . . . . . . . .

TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE MAGISTRATE JUDGE DEBORAH A. ROBINSON
A UNITED STATES MAGISTRATE JUDGE

APPEARANCES:


FOR THE GOVERNMENT:        JAMES W. COOPER, ESQUIRE
                           U.S. ATTORNEY'S OFFICE
                           555 4th Street, NW
                           Suite 2541
                           Washington, D.C.  20530
                           (202) 514-6893
                           (202) 307-2304 (fax)
                           james.cooper3@usdoj.gov

                           THOMAS EDWIN ZENO, ESQUIRE
                           U.S. ATTORNEY'S OFFICE
                           555 4th Street, NW
                           Judiciary Center Building
                           Suite 5423
                           Washington, D.C.  20530
                           (202) 514-6957
                           (202) 307-2304 (Fax)
                           thomas.zeno@usdoj.gov

2

FOR THE DEFENDANT:        FREDERICK  D.  COOKE, JR., ESQUIRE
                          RUBIN, WINSTON, DIERCKS
                          1155 Connecticut Avenue, NW
                          Suite 600
                          Washington, D.C.  20036
                          (202) 861-0870
                          (202) 429-0657 (fax)
                          fcooke@rwdhc.com


THE COURT REPORTER:       SUSAN PAGE TYNER, CVR-CM
                          Official Court Reporter
                          United States District Court
                          333 Constitution Avenue, N.W.
                          Room 6429
                          Washington, D.C.  20001
                          (202) 371-2230
                          susantyner@verizon.net


    Computer aided transcript prepared with the aid of
SpeechCAT.

3

1                    P R O C E E D I N G S

2            THE COURT:  Good morning.

3            THE COURTROOM DEPUTY:  Magistrate case number

4    05-556-M, United States of America versus Marion S. Barry,

5    Jr.

6            Present for the government is James Cooper and

7    Thomas Zeno.  For the defendant, Frederick Cooke.  Mr. Barry

8    is present in the courtroom.  This is scheduled for a

9    sentencing.

10           THE COURT:  Counsel, good morning.

11           MR. COOKE:  Good morning, Your Honor.

12           MR. COOPER:  Good morning.

13           THE COURT:  The court received the addendum that

14   you completed this morning to the October 26, 2005 plea

15   agreement.

16           I thank you for your attention to the need to

17   correct one misstatement regarding the applicable fine

18   amount.  Since you have completed that addendum, I do not

19   believe that we will require further discussion of the

20   matter.

21           Would one of you please confirm that the court is

22   accurately reading your handwritten notes and that these

23   initials that appear here are the initials of all counsel

24   and of Mr. Barry.

25           Mr. Cooper?

4

1          MR. COOPER:  Yes, Your Honor.  Mr. Cooke, Mr.
2     Barry, Mr. Zeno, and me.

3          THE COURT:  Very well, thank you, Mr. Cooper.

4          Do you wish to address the matter at all Mr.
5     Cooke?

6          MR. COOKE:  Not except to confirm that my client
7     and I both initialed the document.

8          THE COURT:  Very well.  Thank you very much, Mr.
9     Cooke.

10         Now the court has reviewed the presentence
11    investigation prepared by the Probation Office.  The court
12    has received and reviewed the receipt and acknowledgement
13    forms.

14         The court has also reviewed the single letter of
15    support and request for leniency prepared on behalf of Mr.
16    Barry.

17         Since February 8, 2006 the court has also received
18    verification that Mr. Barry provided to the Probation
19    Office, the financial disclosures which the Probation Office
20    requires.

21         The court has also received verification from
22    the Probation Office that Mr. Barry filed federal and
23    District of Columbia tax returns for the years 1999 through
24    2004.

25         As I indicated at the outset the court also

5

1   received the correction of the error which appeared in the

2   October 26, 2005 letter which represents the plea

3   agreement.

4          The court, of course, has also consulted the

5   applicable sentencing guidelines.  The court is now prepared

6   to hear the allocution of counsel.

7          Mr. Zeno or Mr. Cooper, I will hear from you

8   first.  Mr. Cooke, I will hear from you thereafter, and Mr.

9   Barry, you may address the court yourself if you wish to be

10  heard.

11         Now Mr. Cooper, Mr. Zeno.

12         MR. COOPER:  Thank you, Your Honor.

13         Mr. Barry, as the court knows, filed his

14  delinquent tax returns for the relevant years on the day

15  before the last sentencing hearing, and the court continued

16  that hearing for various purposes.  One of those was to

17  permit Mr. Barry to make arrangements to pay any taxes

18  owed along with interest and penalties if they were

19  applicable.

20         On or about the day of the last hearing, which was

21  February 8, or possibly the next day, it is my understanding

22  that Special Agent Don Sender of the Internal Revenue

23  Service provided to Mr. Barry's counsel the name, phone

24  number, e-mail address and required forms in connection with

25  initiating contact with the IRS to arrange for a payment

6

1    schedule, or at least to open negotiations about what should
2    occur in the future.

3         I don't know if the court has actually seen the
4    returns, but the returns that were filed, Your Honor, call
5    for a federal tax owed of approximately $195,000, and a D.C.
6    tax owed of approximately $51,000 before penalties and
7    interest.

8         As I said, this information was provided to Mr.
9    Barry through his counsel on or about the date of the last
10   hearing.

11        Two days -- well, last week we began to inquire as
12   to what steps Mr. Barry had taken to open negotiations with
13   the Internal Revenue Service and the District of Columbia
14   Office of Tax and Revenue, and on the seventh, two days ago,
15   we sent a letter to Mr. Cooke notifying him that to date --
16   as of that date Mr. Barry had taken no steps to contact the
17   IRS to arrange for payment.

18        It is our understanding that yesterday Mr. Barry,
19   through an accountant, notified the IRS that that accountant
20   had a power of attorney to negotiate on his behalf.

21        It is our view that that was technically compliant
22   with the terms of the plea agreement, but certainly not the
23   spirit and what we had understood would be some vigor on Mr.
24   Barry's behalf, having entered into an early plea agreement
25   with the government, to try to resolve this matter, to put

1   it behind him, and to go forward.

2           Frankly Your Honor, given the lack of vigor that

3   Mr. Barry has demonstrated in A, filing the taxes well in

4   advance of the hearing, filing the tax returns, and B,

5   trying to figure out some mechanism for payment, we are not

6   confident about what Mr. Barry is going to do going forward,

7   whether there will, in fact, be good faith efforts to reach

8   a payment schedule and whether he will make any efforts, in

9   fact, to pay.

10          THE COURT:  Well, Mr. Cooper, what is the nexus

11  between the representations that you have just made and

12  the agreement memorialized in the October 26, 2005 letter

13  that the government agrees not to oppose a sentence of

14  probation?

15          MR. COOPER:  Well, the government is bound by its

16  plea agreement and intends to be.  The government is

17  bringing to the court's attention all matters that relate to

18  sentencing that would inform the court in fashioning any

19  form of sentence, whether it is a sentence of incarceration

20  or probation.

21          Mr. Barry has been, for want of a better word,

22  recalcitrant in taking advantage frankly of a very

23  reasonable agreement that permits him to admit his criminal

24  liability and to go forward and satisfy his

25  responsibilities.

8

1          And what this case is about and has always been
2     about, Your Honor, is the failure of personal and public
3     responsibility.
4          Marion Barry is no stranger to the taxing and
5     spending power of the government.  He has for a long public
6     career been willing to impose taxes on people who are hard-
7     working, who like him, according to his financial statement
8     and affidavit which is attached to the presentence report,
9     have to struggle every day to pay rent, or a mortgage, to
10    pay for child care, or elder care, or car payments, to pay
11    for gas, and food, and still meet their obligations to pay
12    their taxes both to the federal government and to the
13    District of Columbia government.
14          It frankly is an insult to those people that
15    this sitting public official has behaved in the fashion that
16    he has, particularly after entering a guilty plea before
17    this court and being given an opportunity to make things
18    right.
19          This is not a situation in which someone has
20    deleted his returns from the record-keeping system.  This
21    is not a situation in which someone in the case of his
22    positive drug tests injected cocaine or marijuana into his
23    system.
24          This is all about his failure of personal
25    responsibility, and we think that these are, as we stated in

1   our sentencing memorandum, serious offenses, and we

2   believe that as a consequence of fashioning a sentence

3   that the court should ensure that Mr. Barry is held

4   accountable.

5          THE COURT:  Does it remain the case, Mr. Cooper,

6   that the government does not oppose what I understand will

7   be the request of Mr. Barry through Mr. Cooke that a

8   sentence of probation be imposed?  And I am looking now at

9   paragraph three of the October 26, 2005 agreement.

10         MR. COOPER:  The government did -- as a technical

11  matter, Your Honor, the government did not agree not to

12  oppose probation.  The government agrees to take no

13  position, and we remain bound by that agreement today.  We

14  have never suggested that we sought to unbind ourselves from

15  that agreement.

16         THE COURT:  Very well.  I simply wanted the record

17  to be very clear with respect to the government's position.

18         Anything further, Mr. Cooper?

19         MR. COOPER:  No, Your Honor.

20         THE COURT:  Very well.  Thank you Mr. Cooper.

21         Mr. Cooke.

22         MR. COOKE:  May it please the court.  Your Honor

23  we are here today for sentencing in this matter, and as the

24  government has indicated pursuant to the plea agreement

25  executed between the government and Mr. Barry, the defendant

10

1    is seeking a probationary sentence, and the government in

2    the plea agreement has agreed not to oppose that request,

3    and as you just heard from Mr. Cooper, the government is

4    standing by that agreement.

5          Mr. Barry stands before you today, Your Honor, as

6    a 70 year-old man who has over 40 years of public service to

7    the citizens here in the District of Columbia and across

8    this country.

9          He is before you today, Your Honor, embarrassed

10   and shamed by his conduct that has brought him before this

11   court.

12         He has never tried to excuse his behavior.  He

13   promptly and fully accepted responsibility for his behavior.

14   He promptly entered into a plea agreement with the

15   government when confronted with the charges against him.  He

16   has never tried to deny that he did not timely file his

17   returns.

18         Mr. Barry does have a long and enviable record of

19   public service.  This conduct that he is here today on is a

20   significant departure from that history of public service,

21   that enviable record.

22         Mr. Barry regrets that.  He regrets making a bad

23   judgment, making a wrong choice, a choice that he full knew

24   was the wrong choice, but he made it out of weakness out

25   of -- as he will tell you out of a sense of embarrassment

11

1  that he found himself in a position unable to pay his

2  taxes.

3        As Your Honor well knows from reviewing the

4  probation report, Mr. Barry is not a man of means.  He does

5  not have a significant amount of resources, and when he was

6  out of public office he had some difficulty, and the fact of

7  the matter is that he was almost paralyzed by the

8  embarrassment of not being able to make ends meet and the

9  reality that he had not filed his returns and what that

10 would mean to a public figure.

11       That doesn't make it right, Your Honor.  Mr. Barry

12 is not using that as an excuse.  But that simply puts us in

13 the context in which the events happened.

14       He would like to be seen and to continue to be

15 seen as a positive example for citizens in the District of

16 Columbia, especially our youth.

17       Being somewhat younger than Mr. Barry I can attest

18 to the fact that the positive image he created for some of

19 us in this city motivated us to do some things that we might

20 not have done had it not been for the example set by Mr.

21 Barry and others.

22       He has been a responsible for imposing taxes on

23 the citizens in the District of Columbia.  He understands

24 where the money comes from and how important it is important

25 for all the citizens to hold up their end of the deal, and

12

1  he regrets not having held up his end of the deal in this

2  regard.

3          Mr. Cooper did make some mention of Mr. Barry's

4  vigor in complying with the plea agreement or not in terms

5  of promptly filing income tax returns and promptly beginning

6  negotiations to arrange for some sort of payment of the

7  interest and penalties that might be due.

8          Your Honor, I would like to put that into some

9  context.  Mr. Barry is in somewhat of a double-bind as a

10  public official.  That is to say that Mr. Barry, again, is

11  not a man of means.  He does not have the resources to go

12  off and hire accountants and other experts that are

13  necessary to do these things.

14          As a public official, because of the various

15  campaign finance rules, he cannot take certain gifts from

16  certain people.  So it took Mr. Barry and myself some time

17  to make all of the necessary arrangements, to retain CPA's

18  to, in the first instance, prepare his returns, and in the

19  second instance to begin the negotiations with the

20  government.

21          Yes, there was a clock we were working against to

22  be absolutely sure, Your Honor.  But the other reality was

23  that Mr. Barry's lack of vigor, in the terms of Mr. Cooper,

24  was not the sense of the failure to accept responsibility.

25  It was not of recalcitrance.  It was the reality of not

13

1    having money on the one hand and being constrained by

2    certain laws of the District of Columbia as a public

3    official on the other to not take gifts.

4          I can tell Your Honor that Mr. Barry has been

5    blessed, I guess I would use that word, by an outpouring of

6    support from citizens who want to help him in his financial

7    time of need, but he cannot take that money because he is a

8    public official, and in a lot of ways we have to be careful

9    about that.

10         THE COURT:  If I could interrupt you for just one

11   moment, Mr. Cook, to inquire whether the circumstance that

12   you just proffered which occasioned the delay in commencing

13   the negotiations is your response to Mr. Cooper's concern

14   that Mr. Barry was not as diligent as the government had

15   expected that he would be?

16         MR. COOKE:  Correct, Your Honor.

17         We have begun those negotiations as of yesterday.

18   Quite frankly, that is a fact as Mr. Cooper said.  We are in

19   the process of preparing the forms requested of Mr. Barry

20   from the Internal Revenue Service and the District of

21   Columbia Office of Tax and Revenue.

22         We anticipate receiving a demand letter from the

23   Internal Revenue Service that will identify from the

24   Internal Revenue Service's point of view at least the tax

25   owed, the interest and the penalties.

14

```
 1          THE COURT:  May I interrupt again to ask whether -
 2    - and I will hear your response as well, Mr. Cooke, whether
 3    the two of you on behalf of your respective clients agree
 4    that the delay that you have addressed is the delay of
 5    approximately -- a period of approximately less than one
 6    month from the filing of the returns until the negotiations
 7    actually commenced?
 8          MR. COOKE:  Yes, Your Honor.  That is what I'm
 9    certainly referring to.
10          THE COURT:  Mr. Cooper, are we in agreement that
11    the period that is being discussed is a period of less than
12    one month?
13          MR. COOPER:  Well, I think --
14          THE COURT:  That is the period from the filing of
15    the returns until the commencement of negotiations regarding
16    the payment of the back taxes?
17          MR. COOPER:  That is accurate, Your Honor,
18    although in context we believe that the delinquency and
19    filing, and the fact that the returns were filed immediately
20    before the last hearing, and the fact that whatever
21    negotiations there have been, and there have been none, but
22    merely the notification of the IRS and the Office of Tax and
23    Revenue that there is an accountant who has the power of
24    attorney.
25          We think that all of those things reflect an
```

15

```
 1   overall lack -- as we said before, a lack of vigor in
 2   trying to get this done.
 3              THE COURT:  Very well.  Thank you, Mr. Cooper.
 4              Mr. Cooke, you may continue.
 5              MR. COOKE:  Yes, Your Honor.  Again, my only point
 6   was I do not want the court to see this as a lack of vigor
 7   and recalcitrant.  It is an economic reality that Mr. Barry
 8   confronts.
 9              In point of fact, the accountant who prepared the
10   returns and the accountant who is going to do the
11   negotiations with the various taxing authorities are two
12   different individuals.  Again there are some economic
13   considerations involved in that decision.
14              But Your Honor not to belabor this, Mr. Barry
15   again has fully accepted responsibility.  He has never
16   denied this, and he really believes that this mistake in
17   judgment is, in fact, a mistake in judgment.
18              It is not an act of I don't care, I don't want to
19   pay.  He found himself in the position where he had not
20   paid, and it snowballed, because the next year prompted the
21   same conversation with himself about why I can't and what I
22   cannot do.
23              So Your Honor, having said all that we would ask
24   this court to consider a probationary sentence for Mr.
25   Barry.
```

1          I should also point out, Your Honor, that Mr.

2   Cooper did reference -- well, the probation report

3   referenced a misstep with respect to Mr. Berry's recovery in

4   his substance abuse treatment program.

5          That is well-known to the public that Mr. Barry is

6   a recovering substance abuser.  Mr. Barry, out of the

7   embarrassment and depression of this incident had a relapse.

8   That's a reality.  It happened, and he regrets it.

9          But he has recovered from that relapse.  He has

10  not had any subsequent relapses.  He completed a program to

11  reinforce his recovery, and he continues in recovery to this

12  day Your Honor.

13          THE COURT:  May I assume that you agree that

14  should the court impose a sentence of probation that an

15  appropriate condition would be, among others, that Mr. Barry

16  provide any releases requested by the Probation Office

17  should the Probation Office determine during the course of

18  its supervision that an appropriate condition could well be

19  further counseling, treatment, or aftercare?

20          MR. COOKE:  Yes, Your Honor, is the short

21  answer.

22          THE COURT:  Very well.  You may continue.

23          MR. COOPER:  Your Honor, we believe that Mr. Barry

24  has successfully resumed the life of sobriety and does not

25  need sort of supervised monitoring of his behavior on a

17

1  regularized basis as some might, but Your Honor, we

2  believe that a probationary sentence is appropriate in this

3  case.

4        We believe that Mr. Barry is and can be a

5  productive citizen, can make a positive contribution to this

6  community as he has for more than 40 years, and would

7  greatly appreciate Your Honor's kindness in providing a

8  sentence that would allow him to continue to serve, would

9  allow him to repay this debt to the government of the

10  District of Columbia and to the federal government by

11  continuing to work and to earn income to satisfy this rather

12  large, as Mr. Cooper said, a hundred plus thousand dollar

13  obligation to the Internal Revenue Service.

14        And with that, Your Honor, I would as Mr. Barry to

15  address the court.

16        THE COURT:  Thank you very much, Mr. Cooke.

17        Mr. Barry.

18        THE DEFENEDANT:  Good morning, Your Honor.

19        THE COURT:  Good morning.

20        THE DEFENEDANT:  First, let me thank this court

21  for the way you have handled this situation, in all fairness

22  and diligence.  It sort of reaffirms my sense of justice in

23  this country.  That is not always the case in high-profile

24  cases as you probably know.

25        There is no excuse and no reason that anyone ought

1    to be able to give as to why you do not file and pay the
2    appropriate federal and District taxes.  And therefore I
3    will not try to even attempt to make an excuse or a reason.

4    I take full responsibility for that action, Your
5    Honor.  It is an unfortunate situation in my life that I
6    wish had never occurred, but I am on the road to correct
7    that.

8    I guess unfortunately I am the kind of person who
9    has spent a lot of time worrying about other people and not
10   taking care of myself financially.  And therefore I end up,
11   as you saw on my financial report, almost with a negative
12   net worth.  There have been a number of judgments.  But I
13   take full responsibility, and I'm remorseful for it.

14   Even though this is a personal matter, and I have
15   been embarrassed, it has also embarrassed the citizens of
16   our city and our country, and to those and to this court I
17   apologize.  I am deeply sorry.

18   To the citizens of the District of Columbia, I
19   apologize.  I am deeply sorry.  To the citizens in the
20   country of the United States of America, I apologize.  And
21   so I recognize the seriousness of this.

22   But also I'm a Christian person who believes in
23   redemption, who believes in forgiveness, who believes in
24   second, third, fourth chances.

25   Jesus was asked the question, how many times

19

1    should you could forgive a person?  Seven times seven.  That

2    was just a metaphor.  So I ask for forgiveness of this court

3    and this community.

4            I have suffered a lot and I have emotional

5    feelings about all of this because I am committed to doing

6    the right thing and to serving the public, and God has

7    blessed me with a giving kind of spirit, a helping kind of

8    spirit.  So I would ask this court to take all of this into

9    context.

10           We had some difficulty, as Mr. Cooke explained,

11   trying to negotiate with accountants to get this done.  A

12   number of records were not in place.

13           We intend to fully and vigorously move foreword.

14   Counsel will be negotiating with the IRS in terms of

15   amending our tax returns.  We just took the standard

16   deduction because it was easier to do that at that time

17   without having to dig up files and things that were not

18   there.

19           But we have a number of records now.  My bank

20   statements and credit card statements, they are now being

21   gotten in hand and provided to my new account.  So we intend

22   to amend these returns, and we intend to negotiate as

23   vigorously as we can to resolve this matter, and the court

24   does not have to impose a condition of getting this done to

25   make me do it.  I'm going to do it anyway.

20

1          Now in terms of recovery, this court knows and

2    probably knows that I have been in recovery since January of

3    1990.  Some 16 years.

4          And Your Honor, you know the seriousness of

5    addiction, and this disease -- and it is a disease as

6    certified by all medical personnel.  It is a difficult one.

7    It is tough.  It is baffling.  It is cunning.  It defies all

8    logic and imagination as to why this happens.

9          Your Honor, you also know that in the recovery

10   community and in drug objection, alcohol addiction, the

11   great, great majority -- 90, 95 percent of the people at

12   some point or another either fall off the wagon as we call

13   it or flip.

14          We have to be vigorous, and I have done that for

15   all these years, but sometimes it just happens.  I apologize

16   to the citizens of Washington, to this court, and to America

17   for that.

18          But it is tough, and the solution is not too hard

19   to figure out since it happens to so many of us.  A strong

20   belief in God, letting God handle this.  God has blessed me

21   with people who are drug users, alcohol users.  Go to

22   meetings and just be vigorous in your efforts to stay

23   clean.

24          It's not a matter of willpower.  It is a matter

25   that this chemical is just baffling.  But I am determined,

21

1    Your Honor.

2            I have entered a good program, and let me just say

3    Your Honor that drug testing, urine testing was part of the

4    program.  I had 12, 15 such tests, and each and every one of

5    them came up negative.

6            I intend to continue that vigorous in my recovery.

7    It is going to be a tough, and I would ask for the prayers

8    of this court and the prayers of our citizens to assist me

9    in doing that.  But I am fully responsible for all of those

10   actions.  I take full responsibility.

11           On the other hand, Your Honor, while this ordeal

12   was going on, I did not neglect my work to the citizens of

13   Ward 8 and to Washington.  In fact I probably put more time

14   in than I would have.

15           Just the other night we were up until one o'clock

16   in the morning debating the baseball stadium lease.  So I

17   have not neglected my duties and responsibilities.

18           I take my responsibility seriously.  I love the

19   city.  I love the citizens of this city, and therefore I

20   would not let anything get in the way of my service to them

21   as long as I'm in office, or even out of office.

22           So my work has not suffered from this.  I've

23   suffered personally in terms of my emotions and

24   embarrassment, but God has blessed me with a strong spirit

25   to overcome some of that, and I would just appreciate this

22

1   court following the recommendation of my counsel of
2   probation.

3           I get the impression the court was leaning towards
4   some type of a drug program.  I think the letter you
5   received from -- at least the Probation Office received from
6   the program that I was in indicated that I had successfully
7   finished that program.

8           And what happens in the recovery community, the
9   only thing that needs to happen is for me to continue to go
10  to meetings and to have a network of people.  But I
11  appreciate any leniency that this court with impose was
12  supervised or unsupervised probation.

13          I guarantee this court and the citizens that I
14  intend to live up to every term of its conditions.  Thank
15  you, Your Honor.

16          THE COURT:  Thank you Mr. Barry, you may be
17  seated.

18          Mr. Cooke, anything further?

19          MR. COOKE:  No, Your Honor.

20          THE COURT:  Mr. Cooper?

21          MR. COOPER:  Not at this time, Your Honor.

22          THE COURT:  Very well.  Thank you.

23          The court as I indicated at the outset has very
24  carefully considered the presentence investigation, the
25  verifications of information which the Probation Office has

23

1    provided and has listened very carefully to the allocutions

2    of counsel and of Mr. Barry.  Having done so, the court is

3    prepared to proceed.

4            Mr. Cook, Mr. Barry, it is the judgment of the

5    court Mr. Barry that you be sentenced to a term of probation

6    of three years.

7            While on probation you must comply with the

8    standard conditions of probation as well as the following

9    special conditions.

10            First, you must comply with the directives of the

11    taxing authorities -- the tax authorities regarding payment

12    of the back taxes, interest and penalties which will be

13    negotiated between you and those authorities.

14            Should the Probation Office request verification

15    of the status of these negotiations or of these payments,

16    then you must, of course, provide the Probation Office with

17    the requested verifications.

18            The court will order payment of the mandatory

19    special assessments.  The mandatory special assessment with

20    respect to count one is $25.  The mandatory special

21    assessment with respect to count two is $50.  The court will

22    order that those payments be made by no later than four

23    o'clock tomorrow.

24            The court, in an exercise of its discretion,

25    declines to impose any kind of monetary fine, having taken

24

1  into account the other financial obligations which are the

2  subject of this sentence.

3          The court will also order that you comply with any

4  instructions of the Probation Office regarding treatment,

5  counseling or aftercare should the Probation Officer so

6  direct.

7          You are advised that you do have the right to

8  appeal this sentence that I have just imposed.  The

9  applicable rules afford a period of only two days in which

10 to file a notice of appeal.

11         Mr. Cooke will advise you further regarding your

12 right to appeal the sentences as well as your right to the

13 assistance of appointed counsel to do so should you be

14 unable to retain counsel.

15         You may have a seat Mr. Barry and Mr. Cook.

16         The court, of course, in exercising its

17 discretion to impose a sentence of probation has taken into

18 account the agreement of the government to take no position

19 with respect to the sentence, as well as of Mr. Barry's

20 acceptance of responsibility with respect to the charged

21 conduct by entering into negotiations with counsel for the

22 government which culminated in the plea agreement.

23         The court has also taken into account that Mr.

24 Barry has filed the unfiled tax returns and commenced

25 negotiations and has taken full responsibility here in open

25

```
 1    court for the charged conduct.

 2              Now, counsel, is there anything further in this

 3    matter this morning?  Mr. Zeno, Mr. Cooper?

 4              MR. COOPER:  Nothing from the government, Your

 5    Honor.

 6              THE COURT:  Mr. Cooke?

 7              MR. COOKE:  No.

 8              THE COURT:  Ms. Panser or Ms. McCoy?

 9              THE PROBATION OFFICER:  No, Your Honor.

10              THE COURT:  Very well, thank you.  You may all be

11    excused.

12         (Whereupon, the proceedings were adjourned.)

13                        - - - - -

14              CERTIFICATE OF COURT REPORTER

15         I certify that the foregoing is a correct transcript of

16    the proceedings in the above-captioned case.

17

18              _____

19              SUSAN PAGE TYNER, CVR-CM

20              OFFICIAL COURT REPORTER

21

22

23

24

25
```