UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# FILED

MAY 2 2 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

MARION S. BARRY, JR.,

Defendant.

Criminal No.  05-0556M-01
DAR

## MEMORANDUM OPINION AND ORDER

Defendant, his counsel, his assigned United States Probation Officer and an Assistant

United States Attorney appeared before the undersigned United States Magistrate Judge on

April 16, 2009 for a hearing with respect to the Government's Motion to Revoke Probation

("U.S. Attorney's Motion") (Document No. 35); the Form PROB 12C-DC U.S. Probation Office

Petition (Petition for Voluntary Appearance) (Document No. 36); and the Government's

Supplemental Motion to Revoke Probation  ("U.S. Attorney's Supplemental Motion")

(Document No. 37).  Upon consideration of the U.S. Attorney's motions; the Defendant's

memorandum (Document No. 39); the United States Attorney's reply (Document No. 42); the

Government's Prehearing Memorandum Regarding Defendant's Failure to Provide Information

to the Probation Office and Failure to File Tax Returns ("U.S. Attorney's Prehearing

Memorandum") (Document No. 44); the Defendant's Praecipe ("Praecipe") (Document No. 46);

the evidence offered during the hearing on the motion; the reports of Defendant's assigned

United States Probation Officer (Document Nos. 36, 38); the recommendation of the Probation

United States v. Barry                                                                                          2

Officer made on the record during the hearing; the arguments of counsel; and the entire record

herein, the court will deny the United States Attorney's motions, and concur in the

recommendation of the United States Probation Office.

## BACKGROUND

*The 2006 Sentencing*

On October 28, 2005, Defendant pled guilty, pursuant to an agreement with the United

States, to both counts of a two-count information filed by the United States Attorney.  In the first

count, the United States Attorney alleged willful failure to file a federal tax return and pay all

taxes due the United States for the period January 1, 2000 to December 31, 2000, in violation of

26 U.S.C. § 7203; in the second count, the United States Attorney alleged willful failure to file a

District of Columbia tax return and pay all taxes due the District of Columbia for the same

period, in violation of D.C. Code § 47-4103(a).  10/28/2005 Minute Entry; *see also* Information

(Document No. 1); Waiver of Right to Trial by Jury (Document No. 2); Plea Agreement

(Document No. 3); Statement of Offense (Document No. 4).  Both offenses are misdemeanors:

the maximum period of incarceration which could have been imposed for the former offense was

one year, and the maximum period of incarceration which could have been imposed for the latter

offense was 180 days.  *See* Plea Agreement at 1-2.

The undersigned continued the sentencing until after Defendant filed the tax returns for

the tax years which were the subject of the Statement of Offense, and made arrangements for the

payment of the taxes, interest and penalties corresponding to those tax years.  02/08/2006 Minute

Entry.  On March 9, 2006, the undersigned sentenced Defendant to a term of probation of three

United States v. Barry                                                                                    3

years on each of the two counts, to run concurrently.[1]  03/09/2006 Minute Entry; *see also*

Judgment (Document No. 12).  The terms of probation were subject to the standard condition,

among others, that Defendant "shall not commit another federal, state, or local crime[.]"

Judgment at 2.  As a special condition, the undersigned ordered, *inter alia,* that Defendant

comply with the directives of the federal and local tax authorities regarding payment of taxes,

and provide verification to the United States Probation Office upon request. *Id.; see also*

03/09/2006 Minute Entry.

        *The written submissions of the United States Probation Office, the United States Attorney
and Counsel for Defendant*

        In a January 29, 2009 Form PROB 12A-DC U.S. Probation Office Petition (Status

Report) (Document No. 34), Defendant's assigned United States Probation Officer advised that

Defendant, as of that date, had not yet filed his 2007 tax returns.  Defendant's Probation Officer

advised that he directed Defendant "to provide documentation of the completed 2007[] filing by

February 8, 2009[,]" and "to also provide proof of payments toward his previous outstanding tax

obligations[.]" *Id.* at 2.  Defendant's Probation Officer recommended that the court continue

Defendant on probation. *Id.*  On February 2, 2009, the undersigned concurred in that

recommendation.  02/02/2009 Probation Minute Order.

        On February 9, 2009, the United States Attorney filed the Government's Motion to

---

[1]  The plea agreement between the United States Attorney and Defendant provided, *inter alia,* that "[t]he parties understand that the defendant will request a probationary sentence.  The Government agrees to take no position regarding the sentence to be imposed."  Plea Agreement at 2, ¶3; *see also* Government's Memorandum in Aid of Sentencing (Document No. 10) at 2 ("[D]efendant Barry accepted responsibility for his conduct and promptly agreed to plead guilty when he was approached by law enforcement.  He also agreed to file all delinquent returns, as well as to arrange for payment of any and all taxes and penalties due.  For all these reasons, the government entered a plea agreement under which the government agreed to take no position on defendant Barry's anticipated request for probation.") (footnote omitted).

United States v. Barry                                                                          4

Revoke Probation.[2]  In its motion, the United Sates Attorney submitted that "[D]efendant's

failure to file his 2007 tax returns violates the express condition of his probation that he

'[c]omply with directives of the federal and local tax authorities regarding payment of taxes,

penalties and interest[,]'" and "constitutes a new violation of federal and District of Columbia

laws requiring that he file his returns."[3]  *Id.* at 5.  The United States Attorney requested that the

court revoke Defendant's term of probation and sentence him to a period of incarceration (*id.* at

1), or alternatively, extend Defendant's term of probation by two years.  *Id.* at 6.

On February 11, 2009, Defendant's assigned United States Probation Officer filed a Form

PROB 12C-DC U.S. Probation Office Petition (Petition for Voluntary Appearance) (Document

No. 36).  In it, the Probation Officer alleged that Defendant violated his special condition of

supervision to "[c]omply with directives of the federal and local tax authorities regarding

payment of taxes, penalties and interest; provide verification to the U.S. Probation Office upon

request[.]"  *Id.* at 1.  More specifically, he proffered that Defendant "was given a deadline to

provide [verification of the filing of his 2007 federal income tax return and proof of payments

toward his previous outstanding tax obligations] by February 8, 2009; however, to date he has

failed to do so."  *Id.* at 2.  Defendant's Probation Officer did not, by his petition, ask that

Defendant's term of probation be revoked; rather, he asked that the court schedule a hearing with

respect to the alleged violation.  *Id.* at 4.

---

[2]  The United States Attorney, in its motion, stated that he moved to revoke Defendant's term of probation "pursuant to Federal Rule of Criminal Procedure 32.1[.]"  U.S. Attorney's Motion at 1.  However, Rule 32.1 prescribes the procedures which govern revocation or modification of probation or supervised release, and includes no authority for the filing by a United States Attorney of a motion to revoke probation.

[3]  The United States Attorney submitted that "each failure to file [is] a separate crime" (*see id.*); however, the United States Attorney did not indicate that he had charged Defendant with such crimes, or that he contemplated doing so.

United States v. Barry                                                                 5

On February 12, 2009, the United States Attorney supplemented his previous motion to

revoke probation to request that the court "add[] to the two [violations] already alleged by the

government" the allegation that "[D]efedant had failed to comply with the request [of the

Probation Office] to provide 'verification of the filing of his 2007 federal income tax return and

proof of payments toward his previous outstanding tax obligations' to the federal and District of

Columbia governments by the deadline of February 8, 2009[.]" U.S. Attorney's Supplemental

Motion at 1.[4]

In a Form PROB 12A-DC U.S. Probation Office Petition (Status Report) filed on

February 20, 2009 (Document No. 38), Defendant's assigned United States Probation Officer

reported that on February 17, 18 and 19, 2009, he received verification from Defendant and his

counsel of the filing of Defendant's 2007 and 2008 tax returns.[5] The recommendation of the

Probation Officer remained the same as that set forth in the Petition for Voluntary Appearance

filed on February 11, 2009. *Id.* at 2.

In his written opposition to the United States Attorney's motions, and in response to the

Petition for Voluntary Appearance filed by Defendant's Probation Officer on February 11, 2009,

Defendant, through his counsel, represented that he had since filed his federal and District of

Columbia tax returns for 2007.[6] Defendant's Opposition to Government's Motion to Revoke

Probation and Response to U.S. Probation Office Petition ("Defendant's Opposition")

---

[4] *See* n.2, *supra.*

[5] Defendant's Probation Officer reported that as of that date, Defendant had not yet provided the requested proof of payments toward the garnishments for the purpose of payment of his outstanding tax obligations. *Id.* at 2.

[6] Defendant further represented that he had also filed his 2008 returns.

United States v. Barry                                                                                      6

(Document No. 39) at 3.  In addition, Defendant maintained that he was in compliance with the

directives of the federal and District of Columbia authorities regarding payment of his tax

obligations.  *Id.* at 4.  Defendant observed that the United States Probation Office "has not sought

revocation of Defendant's probation[,] [and] the prosecuting authority is yet again seeking to

secure a probation revocation in this matter that has not been recommended by the U.S.

Probation Office." *Id.* at 3.[7]

        Defendant advised, as context for the violations alleged by the United States Attorney and

the United States Probation Office, that issues regarding his health "left [him] unable to fully

focus on the task of submitting his tax returns." *Id.* at 7; *see also id.* at 8 ("Defendant

respectfully submits that the most reasonable explanation is that he was distracted by the size and

scope of the challenges . . . posed by his health issues.").[8]  Defendant, through his counsel,

further asserted that he "had no motivation, or intent to fail to comply with the conditions of his

probation[]"; "did not decide that his health concerns were more important than complying with

the conditions of his probation[]"; and "was simply overwhelmed by the medical/health issues

that confronted him." *Id.* at 8.

        Defendant asked that the United States Attorney's motion be denied, and that his term of

---

        [7] In February, 2007, the United States Attorney filed a motion to revoke Defendant's term of probation
"due to his commission of new offenses by *willfully* failing to file tax returns for Tax Year 2005[.]"  *See*
Government's Motion to Revoke Probation (Document No. 13) at 1 (emphasis supplied).  In June, 2007, the court
conducted a hearing on the motion; for the reasons set forth on the record, the court found that the United States
Attorney had failed to offer evidence on which a finding of willful failure to make returns could be predicated, and
denied the motion on that basis.  06/21/2007 Minute Entry.

        [8] The issue of Defendant's health had already been addressed by Defendant's assigned United States
Probation Officer (*see* January 29, 2009 Status Report) and the United States Attorney (*see* U.S. Attorney's Motion
at 6, n.3).

United States v. Barry                                                                    7

probation be permitted to expire. *Id.*[9]

On February 24, 2009, the court issued a summons by which Defendant was ordered to

appear for a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure with

respect to all of the allegations enumerated in the U.S. Attorney's motions and the Petition for

Voluntary Appearance filed by Defendant's assigned United States Probation Officer on

February 11, 2009.[10]

The United States Attorney, in his reply to Defendant's opposition to the United States

Attorney's motions, acknowledged that Defendant had filed his 2007 and 2008 tax returns, but

submitted that "[b]y filing both returns just before he entered the hospital . . . [D]efendant proved

that he was able to focus on filing his taxes[.]"  Government's Reply to Defendant's Opposition

to Motion to Revoke Probation ("U.S. Attorney's Reply") (Document No. 42) at 4.  The United

States Attorney also suggested that Defendant's health concerns did not prevent him from

"vacation[ing] in Jamaica [in September, 2008]," running a "successful campaign . . . for

reelection [in November, 2008 ][,]" or "work[ing] as a member of the Council of the District of

Columbia[.]"  *Id.* at 1-2.

### *The April 16, 2009 Hearing*

At the hearing, the United States Attorney, through the assigned Assistant United States

Attorney, called no witnesses, and elected to proceed by moving into evidence five exhibits: (1)

the Declaration of Don M. Sender, Special Agent, Criminal Investigation Division, Internal

---

[9] *See* n.10, *infra.*

[10] Defendant's three-year term of probation was scheduled to expire on March 8, 2009; however, the issuance of the summons tolled the expiration of the term of probation. *See* 18 U.S.C. § 3565(c).

United States v. Barry                                                                                          8

Revenue Service ("Sender Declaration");[11] (2) the Declaration of William S. Randolph, Jr.,

Special Agent, Criminal Investigation Division, Office of Tax and Revenue, District of

Columbia;[12] (3) an August 28, 2008 Form PROB 12A-DC U.S. Probation Office Petition (Status

Report); (4) the January 29, 2009 Form PROB 12A-DC U.S. Probation Office Petition (Status

Report); and (5) the Form PROB 12A-DC U.S. Probation Office Petition (Petition for Voluntary

Appearance) filed on February 11, 2009. All of the exhibits were admitted into evidence without

objection. With respect to the two violations of probation which were the subject of the United

States Attorney's Motion to Revoke Probation – "1) the failure to file a federal tax return on time

for Tax Year 2007; and 2) the failure to file a District of Columbia tax return on time for Tax

Year 2007[]" – the assigned Assistant United States Attorney acknowledged that Defendant had

since filed both a federal and a District of Columbia return for 2007. With respect to the alleged

violation of probation which was the subject of the United States Attorney's Supplemental

Motion to Revoke Probation – "3) the failure to comply [with the request of the Probation

Office] to provide verification of the filing of the defendant's 2007 federal income tax return and

proof of payments toward his previous outstanding tax obligations to the federal and the District

of Columbia governments by the deadline of February 8, 2009, a date that had been established

by the Probation Office[]" – the assigned Assistant United States Attorney represented that his

"understanding" was that Defendant had not yet done so.[13]

---

[11] *See* Exhibit 2, U.S. Attorney's Prehearing Memorandum.

[12] *See* Exhibit 1, U. S. Attorney's Prehearing Memorandum.

[13] *But see* U.S. Attorney's Motion at 6, n.4 ("Although it is not a basis cited by the government for revocation, the defendant also should explain why he is behind on his tax payment agreement with the District of Columbia.").

United States v. Barry                                                                                     9

The assigned Assistant United States Attorney asked that the court (1) find that the

alleged violations "occurred"; (2) revoke Defendant's term of probation; and (3) sentence

Defendant to a period of incarceration, and provide that such period of incarceration be served by

community confinement in a halfway house, or by intermittent confinement on weekends.[14]  The

assigned Assistant United States Attorney initially resisted complying with the court's request

that he state the length of the period of incarceration which the United States Attorney sought,

and, instead, responded by stating that the length of the period was "[left] to the court's

discretion[]"; when he did comply, he asked that the court sentence Defendant to a period of

incarceration of one month for each of the alleged violations, to run concurrently.

Defendant's counsel observed that probation revocation proceedings are rarely initiated

by the United States Attorney, and that the United States Probation Office had not recommended

revocation.[15]  Defendant's counsel maintained that the United States Attorney had failed to

establish the requisite factual predicate with respect to the first two violations which the United

States Attorney alleged.[16]  Additionally, Defendant's counsel proffered that during the period of

Defendant's convalescence, he provided the Probation Office with the requested verification.[17]

Relying on all of those grounds, Defendant's counsel opposed the United States Attorney's

request that the court revoke Defendant's term of probation, and maintained that a one-year

extension of Defendant's term of probation would be the appropriate sanction should the court

---

[14]  *See also* U.S. Attorney's Reply at 4.

[15]  *See also* Defendant's Opposition at 2-3.

[16]  *See also* Defendant's Opposition at 5-8.

[17]  *See* Praecipe, ¶ 4.  Defendant's counsel effectively conceded that the deadline for Defendant to provide
the requested verification had already expired as of the date such verification was actually provided.

United States v. Barry                                                                                          10

find that Defendant violated any condition of his probation.

Defendant's assigned United States Probation Officer represented that since 2006, when Defendant's term of probation commenced, Defendant's compliance had been satisfactory. The Probation Officer stated that he did not dispute the representations made by Defendant's counsel regarding Defendant's filing of his 2007 and 2008 returns, and his verification of the status of his payments toward his outstanding tax obligations. Defendant's Probation Officer stated that the Probation Office did not seek revocation of Defendant's term of probation; instead, he asked that the court extend Defendant's term of probation by two years as a sanction for the violation of probation which the Probation Office alleged.[18]

Defendant's assigned United States Probation Officer stated that because he anticipated a request by the United States Attorney for community confinement, he investigated in advance of the hearing to determine the locations of the nearest facilities and the availability of medical care at such facilities. He represented that he determined that the nearest federal facility which would be available, should the court revoke Defendant's term of probation and impose a period of incarceration to be served in community confinement would be in Kent County on Maryland's Eastern Shore, and that no health care professional is available throughout the weekend to administer medications to individuals serving sentences there.

In response to the representations of Defendant's assigned United States Probation Officer regarding the absence of a health care professional throughout the weekend at the Kent

---

[18] The Probation Office never alleged new criminal conduct by Defendant, and predicated its request solely upon Defendant's failure to comply with the directive of his Probation Officer to provide verification of his filing and payment obligations by the prescribed date. *See* PROB 12C-DC U.S. Probation Office Petition (Petition for Voluntary Appearance) at 1.

United States v. Barry                                                                 11

County facility, the assigned Assistant United States Attorney withdrew the United States

Attorney's request that Defendant be sentenced to a period of incarceration.[19]  The assigned

Assistant United States Attorney asked instead that the court extend the term of Defendant's

probation by two years, and order as a special conditions of probation (1) a 30-day period of

home detention with electronic monitoring, and (2) an evening and weekend curfew.

Counsel for Defendant maintained that there was no need for either of the special

conditions requested by the United States Attorney.

## DISCUSSION

*United States Attorney's Motions*

The United States Probation Office, through the probation officers serving in each

judicial district, is responsible for the supervision of probationers within that district, and shall,

among other duties, keep informed regarding each probationer's compliance with his or her

conditions of probation, and report each probationer's "conduct, condition, and compliance" to

the sentencing court.  *See generally* 18 U.S.C. § 3603.

In this district, probation revocation proceedings are almost invariably initiated by the

United States Probation Office, by the filing of a Form PROB 12 or PROB 12C-DC (Rev. 05/08)

("Form 12").[20]  The only exception to this general rule has been in this action, in which the

---

[19]  The United States Attorney did not dispute that "[t]he transplant surgery [which Defendant underwent] will require Defendant to follow a regimen that includes taking immuno-suppressive drugs (along with others), and diligently avoiding any opportunities for infections of any type.  As a post-transplant patient, Defendant will have an ongoing need for relatively sophisticated follow-on medical care."  Defendant's Opposition at 5; *but see* U.S. Attorney's Reply at 6, n.3 ("The government does not oppose coordinating the period of incarceration so that the defendant can resolve medical issues, if necessary.").

[20]  The Form 12 serves a two-fold purpose: the form is the mechanism by which a United States Probation Officer advises the sentencing court of the need for the intervention of the sentencing court with respect to a

United States v. Barry                                                                                                12

pending motion and supplement mark the second occasion on which the United States Attorney–

in the absence of a request by the United States Probation Office – has moved to revoke this

Defendant's term of probation.[21]   More specifically, the United States Attorney asked – for the

second time during this Defendant's term of probation – that the court revoke Defendant's term

of probation for alleged criminal conduct which the United States Attorney, in an exercise of his

discretion, has elected not to charge.[22]

        While the United States Attorney ultimately withdrew his request that Defendant be

incarcerated, he did not deviate from his request that the court find that the alleged violations

"occurred[.]"  However, at the April 16 hearing, the United States Attorney elected not to call a

single witness in an effort to prove the new criminal conduct which he alleged by the

Government's Motion to Revoke Probation; instead, the United States Attorney offered only two

declarations, two status reports prepared by Defendant's assigned United States Probation

Officer, and the Probation Officer's Petition for Voluntary Appearance.[23]

---

probationer's compliance; the form is also the means by which a probationer receives written notice of an alleged violation of probation.  *See* LCvR 32.1(c)(1).

        [21]  *See* n.7, *supra.*

        [22]  Because the alleged new criminal conduct is identical to that which was alleged by the United States Attorney in the two-count Information to which Defendant pled guilty (*see* Document No. 1), it is beyond peradventure that the United States Attorney has jurisdiction over such alleged new criminal conduct, and that venue is proper in this district.  The third violation alleged by the United States Attorney – failure to comply with a directive of the Probation Office – was first alleged by the United States Probation Office, rendering the United States Attorney's supplemental motion superfluous.

        [23]  The court is mindful that another judge of this court has held that "[t]he Court may consider the underlying conduct irrespective of the criminal process for the purposes of determining a violation of Defendant's supervised release conditions."  *United States v. Venable*, 416 F. Supp. 2d 64, 77 (D.D.C. 2006).  This court notes that in *Venable*, the revocation proceedings were commenced by the filing by Defendant's United States Probation Officer of a Form 12A Request for Course of Action in which the new criminal conduct was alleged (*id.* at 67-68); moreover, the court in *Venable* did not permit the United States Attorney to attempt to prove the alleged new criminal conduct by offering sworn statements, and instead, required that "[b]oth parties should be prepared [at the revocation hearing] to present *all appropriate witnesses*, including the arresting police officers, *live at the hearing* so

United States v. Barry                                                                    13

Upon consideration of the evidence offered by the United States Attorney at the hearing,

the court finds that the United States Attorney failed even to attempt to demonstrate, by the facile

preponderance standard, that Defendant's failure to timely file his 2007 tax returns was willful.

First, the court finds that the two declarations offered into evidence by the United States Attorney

serve only to demonstrate a fact that is not in dispute: Defendant did not file his 2007 tax returns

until February, 2009.[24]  Although the investigators whose declarations were offered into evidence

by the United States Attorney were in the courthouse on April 16 – and indeed, were excused

from the courtroom by the court during counsel's discussion of preliminary matters so that they

would be available to testify – the assigned Assistant United States Attorney, without explanation

declined to call either of them as witnesses.[25]  The declarations simply are not a basis upon which

a court could reasonably predicate a finding, even by a preponderance of the evidence, that

Defendant's failure to timely file his 2007 tax returns was willful.

Moreover, the court finds disingenuous the assigned Assistant United States Attorney's

belated suggestion, near the close of the April 16 hearing, that willfulness is not an element of the

offense of failure to file.  The new criminal conduct which the United States Attorney alleged are

violations of 26 U.S.C. § 7203 and D.C. Code § 47-4103(a).  Section 7203 of Title 26 of the

United States Code makes it unlawful for any person required to make a return "to . . . *willfully*

---

that the Court may make a fully informed decision as to the merits of Defendant's alleged violation."  *Id.* at 79 (emphasis supplied).

[24]  The three remaining exhibits offered into evidence by the assigned Assistant United States Attorney – the status reports and petition filed by Defendant's assigned United States Probation Officer – are in no respect probative of whether Defendant willfully failed to timely file his 2007 tax returns.

[25]  *See* n.23, *supra*; *Cf.* Fed. R. Evid. 615 (the court, on its own motion may exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses).

United States v. Barry                                                                        14

fail[] to . . . make such return[]" (emphasis supplied).  Likewise, Section 4103(a) of Title 47 of

the District of Columbia Code makes it unlawful for a person required to make a return to

"*willfully* fail[] to . . . make the return . . . at the time required by law or regulations[.]"

(emphasis supplied).[26]  Another judge of this court, in a published opinion, held that "willfulness

. . . [is] an *essential* element of . . . [26 U.S.C. § 7203][.]"  *United States v. Shorter*, 618 F. Supp.

255, 256 (D.D.C. 1985) (emphasis supplied) (citing *United States v. Bishop*, 412 U.S. 346, 361

(1973)).  More recently, this court, in this very case, held that willfulness is an element of the

federal and District of Columbia offenses of willful failure to file, and denied the United States

Attorney's 2007 motion to revoke probation, having found that the United States Attorney

offered no evidence from which the court could make a finding with respect to that element.  *See*

06/21/2007 Minute Entry.[27]

          For the contrary proposition, the United States Attorney relied upon *United States v.*

*Warner,* 830 F.2d 651 (7th Cir. 1987) (*see* U.S. Attorney's Prehearing Memorandum at 4), and

*United States v. Murdock*, 290 U.S. 389 (1933), *overruled on other grounds by Murphy v.*

*Waterfront Comm'n*, 378 U.S. 52 (1964).  The undersigned finds that the United States

Attorney's reliance on these authorities is misplaced.  In *Warner,* a panel of the Seventh Circuit

indeed held that "[w]hile proving willfulness was necessary to obtain defendant's conviction

under 26 U.S.C. § 7203, to prove a probation violation the government needed only to show only

the fact that defendant did not file the returns."  *Id.* at 656.  However, in *Warner,* the alleged

---

          [26] Indeed, in the written plea agreement pursuant to which Defendant entered pleas of guilty to the offenses
for which he was sentenced to probation, the United States Attorney – who authored the agreement – characterized
the offenses as "*willful* failure to file return" in violation of the United States Code, and "*willful* failure to make
return" in violation of the District of Columbia Code.  Plea Agreement at 1 (emphasis supplied).

          [27] *See* n.7, *supra.*

United States v. Barry                                                                          15

violation of probation at issue was failure to comply with the special condition of probation that

the probationer file his delinquent tax returns within the first 60 days of his term of probation,

and not – as is the case here – new criminal conduct in the form of subsequent commission of the

same offense. *Id.* at 653.[28]  Thus, the panel's holding that "the government needed to show only

the fact that defendant did not file the returns[]" applied to the government's burden where the

alleged violation of probation was noncompliance with a special condition that the probationer

file his delinquent returns.[29]  The court finds that the holding cannot reasonably be read as

authority for the proposition that the United States Attorney can allege that a probationer violated

his conditions of probation by engaging in new criminal conduct, and then unabashedly ignore an

element of the offense from its proof.  In *Murdock*, the Supreme Court discussed varying

definitions of the term "willfully[,]" and rendered no findings with respect to either the elements

of willful failure to make a tax return, or the showing required of the United States Attorney at a

probation revocation hearing based upon the United States Attorney's allegation of new criminal

conduct. *Murdock,* 290 U.S. at 394-98; *see also Bishop*, 412 U.S. at 356 (citing *Murdock*, solely

for the proposition that "[w]e continue to recognize that context is important in the quest for the

. . . meaning [of the word 'willfully']['].").

　　　　Plainly, willfulness is an element of the alleged new criminal conduct.  The United States

---

[28]  The *Warner* probationer had refused to communicate with the tax authorities, requested immunity as a prerequisite to filing the delinquent tax returns and told his Probation Officer that he would not file the delinquent returns. *Id.* at 653-54.

[29]  In the instant case, Defendant filed his delinquent tax returns prior to sentencing.  *See* n.1, *supra*, and accompanying text.  The only violation of a special condition which the United States Attorney alleged in the instant action was failure to provide verification of filings and payments in accordance with the instructions of the Probation Office.  *See* n.**22**, *supra.*

United States v. Barry                                                                 16

Attorney has, without explanation, failed to even attempt to prove it.  No authority supports the

proposition that the United States Attorney may allege that a probationer violated his conditions

of probation by new criminal conduct and request a hearing on that ground, and, at the hearing,

call no witnesses and maintain that he need not offer any evidence at all with respect to an

element of the offenses.

*Probation Office Petition*

With respect to the petition filed by Defendant's assigned United States Probation

Officer, the undersigned finds by a preponderance of evidence that Defendant violated a

condition of probation as alleged.[30]  The court will concur in the recommendation of the United

States Probation Office for the reasons offered by Defendant's assigned United States Probation

Officer on the record at the April 16 hearing.

The court has considered the request of the United States Attorney, after he withdrew his

request that Defendant be incarcerated, that the court modify Defendant's conditions of probation

to require a 30-day period of home detention with electronic monitoring, and a night and

weekend curfew.  The provision of special conditions of probation – like the imposition of any

sentence – requires consideration by the sentencing court of the factors enumerated at Section

3553 of Title 18 of the United States Code.  That section provides, in pertinent part, that the court

"shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes

---

[30] The violation alleged by the Probation Office constitutes a Grade C violation.  "Upon a finding of a Grade C violation, the court may (A) revoke probation . . . ; or (B) extend the term of probation . . . and/or modify the conditions of [probation]."  U.S. Sentencing Guidelines Manual, § 7B1.3(a)(2); *see also* February 10, 2009 Form PROB 12C-DC U.S. Probation Office Petition (Petition for Voluntary Appearance) at 2-3.

United States v. Barry                                                                 17

of sentencing set forth in paragraph (2) of [subsection (a) of the section.]"[31]  Because the court is

unable to find "that such conditions are reasonably related to the factors set forth in section

3553(a)(1) and (a)(2) and . . . involve only such deprivations of liberty . . . as are reasonably

necessary for the purposes indicated in section 3553(a)(2)," the court declines to modify

Defendant's conditions of probation to add such conditions.[32]

**CONCLUSION**

     For the foregoing reasons, it is, this 22nd day of May, 2009,

     **ORDERED** that the Government's Motion to Revoke Probation (Document No. 35) is

**DENIED;** and it is

     **FURTHER ORDERED**, in accordance with the request of the Defendant's assigned

United States Probation Officer, that Defendant's term of probation is extended by two years,

*nunc pro tunc* to March 8, 2009; and it is

---

[31]  Paragraph (1) of subsection (a) requires that the court consider "the nature and circumstances of the offense and the history and characteristics of the defendant[.]" Paragraph (2) of subsection (a) requires that the court consider

    the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect
    for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational
    training, medical care, or other correctional treatment in the most
    effective manner[.]

18 U.S.C. § 3553(a)(2)(A)-(D).

[32]  Indeed, the United States Attorney did not attempt to articulate any basis for the requested modification of conditions.

United States v. Barry                                                                   18

**FURTHER ORDERED** that the Government's Supplemental Motion to Revoke

Probation (Document No. 37) is **DENIED AS MOOT.**[33]


_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[33] *See* n.22, *supra; see also* n.5, *supra.*